**TRACI L. LACOCK, #6-4009**
Hirst Applegate, LLP
P.O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
tlacock@hirstapplegate.com

*Admitted Pro Hac Vice:*
**BRIAN C. FRIES** (MO # 40830)
**MARA H. COHARA** (MO # 51051)
Lathrop GPM LLP
2345 Grand Blvd., Ste. 2200
Kansas City, MO 64108
Phone: (816) 292-2000
Fax: (816) 292-2001
brian.fries@lathropgpm.com
mara.cohara@lathropgpm.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH**, and **JOHN DOE** on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC**, a Wyoming limited liability corporation; **MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE**, a Wyoming corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER;** | Civil No. 20-CV-215-SWS |

| | |
|---|---|
| **MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; JUDITH D. JEFFERIS; DALLY-UP, LLC**, a Wyoming limited liability corporation; **ROCK CREEK RANCH, INC.**, a Delaware corporation; **DIOCESE OF CHEYENNE**, a Wyoming corporation; and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY**, a Texas corporation; and **NEW MOUNT CARMEL FOUNDATION, INC.**, a Wyoming corporation, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, D/B/A MYSTIC MONK COFFEE, AND DANIEL SCHNEIDER'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Monks of the Most Blessed Virgin Mary of Mount Carmel, d/b/a Mystic Monk Coffee, ("MMC") and Daniel Schneider ("Fr. Daniel Schneider") (MMC and Fr. Daniel Schneider collectively, the "MMC Defendants"), by and through their undersigned counsel, submit the following Brief in Support of their contemporaneously filed Motion to Dismiss.

**I.    INTRODUCTION**

This case is about the methods employed by two Wyoming ranches—Triangle Cross Ranch ("TCR") and Trinity Teen Solutions ("TTS")—in their rehabilitation of troubled teenagers. Plaintiffs were each allegedly enrolled at TCR or TTS between 2010 and the present to receive therapy, education, and rehabilitation, but ultimately claim they were threatened and mistreated during their stays. While aiming to recover from the TCR and TTS parties under theories of forced labor, trafficking, and racketeering, Plaintiffs have cast their nets far too wide by grouping the MMC Defendants into such claims. For example, Plaintiffs claim that MMC, a Wyoming-based

community of Catholic monks, and Fr. Daniel Schneider, the monks' leader, accepted volunteer services from TTS or TCR residents, including the Plaintiffs, allegedly making them complicit in the alleged misdeeds by TTS and TCR. However, as set forth below, the Class Action Complaint ("Complaint") in no way shows that the MMC Defendants participated in, or knew of, any mistreatment, abuse, or coercion of Plaintiffs. Plaintiffs' barebones allegations against the MMC Defendants are inadequate to show forced labor, trafficking, or racketeering violations and should be dismissed accordingly.

## II. FACTUAL BACKGROUND

As alleged in the Complaint, TCR is a youth ranch for troubled teenaged boys located in Wyoming and Montana and owned by Gerald Schneider and Michaeleen Schneider ("Defendant Triangle Owners"). *See* Complaint, ¶ 3. TTS is a similar youth ranch in Wyoming for troubled teenaged girls owned by Angela Woodward and Jerry Woodward ("Defendant Trinity Owners"), daughter and son-in-law to Defendant Triangle Owners. *Id.*, ¶ 4. Plaintiffs are a putative class of former residents of TTS or TCR who claim that both ranches were advertised under the guise of "Residential Treatment Centers" or "Group Homes" but instead exploited their residents for their labor by means of force or coercion. *See, e.g.*, *id.*, ¶¶ 51, 73, 78, 86, 91. Plaintiffs allege that TCR, TTS, and Defendant Owners "used or threatened food and sleep deprivation, physical punishment, emotional abuse, and humiliation daily to ensure compliance with the labor requirements" that included cooking, cleaning, animal care, and various types of mechanical, construction, and agricultural work. *Id.*, ¶¶ 49, 63, 70, 75, 80, 88.

Entirely separate from TTS and TCR are the MMC Defendants. Fr. Daniel Schneider is the president of MMC, under civil law, and its religious leader under Church law. MMC is a

community of monks in the mountains of Wyoming that, among its spiritual disciplines, acts as a nonprofit corporation packaging and selling coffee and accessories. Complaint, ¶¶ 31, 36. Plaintiffs claim that MMC, through Fr. Daniel Schneider, at times requested volunteers from TTS and TCR to assist with non-profit charitable work such as cleaning and mechanical repairs. *Id.*, ¶¶ 65, 70(q), 71, 75, 76, 88(b), 89. Other than pleading that Fr. Daniel Schneider is the son and brother of Gerald Schneider and Angela Woodward, respectively, the Complaint does not plead facts showing that the MMC Defendants participated in, or knew of, any mistreatment or coercion of the Plaintiffs or had any affiliation with the operations of TCR or TTS. The extent of the factual allegations against the MMC Defendants are as follows: Fr. Daniel Schneider requested labor from TCR and drove TCR residents to the MMC monastery (¶ 65); Fr. Daniel Schneider delivered "pressure washers and other machines requiring small engine repair for boys assigned to mechanical work at TCR to complete at [TCR]" (¶ 65); Plaintiffs Sherman and Gozun cleaned at MMC (¶¶ 70(q), 71, 75, 76); and John Doe made mechanical repairs to monastery equipment including pressure washers, tractors, vehicles, and transmissions (¶¶ 88(b), 89). The remainder of the Complaint concerns other Defendants or contains allegations that are conclusory.

### III. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Rocha v. CCCF Admin.*, 408 F. App'x 141, 144 (10th Cir. 2011) (citation omitted). To survive a motion to dismiss, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Rather, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under this standard, "only factual allegations are given weight in the analysis." *Rigler v. Lampert*, 248 F.Supp.3d 1224, 1231 (D. Wyo. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678; *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) ("Mere 'labels and conclusions'" are insufficient and "we need not accept legal conclusions contained in the complaint as true").

Further, "only plausible claims survive." *Rigler*, 248 F.Supp.3d at 1231. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 570 (plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible"). If the allegations of the complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted).

## IV. ARGUMENT

Plaintiffs' Complaint asserts three counts of alleged violations of the Trafficking Victims Protection Act of 2000 ("TVPA") and one count of an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Fr. Daniel Schneider is named in each of Counts 1 through 4 and MMC is named in Counts 2 and 3. Apart from Plaintiffs' conclusory recitations of the elements of their legal claims, the factual allegations against the MMC Defendants are insufficient to state plausible claims under the TVPA or RICO. Accordingly, the Complaint should be dismissed as to the MMC Defendants.

A.     **Plaintiffs Fail to State a Claim of Forced Labor Against the MMC Defendants.**

Counts 1 and 2 of the Complaint make unsupported claims of forced labor against the MMC Defendants. The MMC Defendants deny these claims. Regardless, and for the purposes of a motion to dismiss, Plaintiffs' meager factual allegations fail to satisfy the basic elements of forced labor claims. The forced labor statute (§ 1589) was enacted as part of the TVPA to combat trafficking in persons. *See United States v. Kaufman*, 546 F.3d 1242, 1261 (10th Cir. 2008); 22 U.S.C. § 7101(a). Section 1595(a) affords civil litigants with a private right of action under the TVPA. The forced labor statute presents two subsections under which a defendant can be found liable: as a "primary offender" under §1589(a) or through "venture liability" under §1589(b). *See Bistline v. Parker*, 918 F.3d 849, 871 (10th Cir. 2019). As described below, Plaintiffs' allegations under both forms of liability fail as a matter of law.

   1.   *Plaintiffs Fail to State a Claim that Fr. Daniel Schneider Acted as a Primary Offender of Forced Labor Under 18 U.S.C. § 1589(a).*

Fr. Daniel Schneider is named in Count 1 as a primary offender of forced labor under 18 U.S.C. § 1589(a). For a plaintiff to state a claim under § 1589(a), she must show that the defendant "knowingly acquired plaintiff's labor by means and/or threats of: (1) force and physical restraint; (2) serious harm, including psychological and financial harm; (3) abuse of the legal process; or (4) a scheme intended to cause the plaintiff to believe that if she did not perform the labor or services, she would suffer serious harm." *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1164 (D. Kan. 2018); 18 U.S.C. § 1589(a). Plaintiffs' allegations against Fr. Daniel Schneider fall short of a plausible claim under these elements.

The only facts raised against Fr. Daniel Schneider are that: (1) he requested labor from TCR; (2) he drove TCR residents to the MMC monastery; and (3) he delivered "pressure washers and other machines" to TCR for repairs. Complaint, ¶ 65. These allegations might show that he obtained typical volunteer work from TCR residents; however, they in no way show that Fr. Daniel Schneider knowingly obtained labor by any unlawful means. The Complaint is entirely absent of any facts that Fr. Daniel Schneider employed or threatened any force, serious harm, or abuse of the legal process. Further, the Complaint fails to show that Fr. Daniel Schneider entered a scheme to make Plaintiffs believe they would suffer serious harm if they did not perform the volunteer work. Even if mistreatment allegedly occurred at the hands of TCR, TTS, or other parties, Plaintiffs do not allege that Fr. Daniel Schneider ever knew of, participated in, or endorsed any such conduct. The Complaint fails to state any facts that Fr. Daniel Schneider engaged in forced labor under § 1589(a), and he should be dismissed from Count 1 accordingly.

### 2. *Plaintiffs Fail to State a Claim that Fr. Daniel Schneider and MMC Are Liable for Forced Labor as Part of a Venture Under 18 U.S.C. § 1589(b).*

Count 2 of the Complaint is likewise defective—this time against Fr. Daniel Schneider and MMC under the "venture liability" subsection of the forced labor statute. 18 U.S.C. § 1589(b). A violation of § 1589(b) requires a showing that: "(1) the party knowingly participated in a venture; (2) the party knowingly benefitted from the venture; (3) the venture has engaged in the providing or obtaining of labor or services in violation of the TVPA; and (4) the party knew or recklessly disregarded the fact that the venture has engaged in the providing or obtaining of such labor or services." *See Gilbert v. United States Olympic Comm.*, No. 18-cv-00981-CMA-MEH, 2019 WL 1058194, at *12 (D. Colo. Mar. 6, 2019); 18 U.S.C. § 1589(b). The Tenth Circuit has defined

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

– 7 –

"venture" as "any group of two or more individuals associated in fact, whether or not a legal entity." *See Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019). Even assuming for purposes of this motion that Plaintiffs sufficiently pleaded the first three elements of venture liability, they still fail to show that the MMC Defendants knew of or recklessly disregarded conduct that allegedly violated the TVPA.

Courts have routinely recognized venture liability where a defendant who benefitted from a venture had knowledge of the abusive means by which labor was obtained. *See, e.g., Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1131 (D. Colo. Sept. 27, 2019) (finding that female taekwondo athletes stated a § 1589(b) claim against a national governing body for taekwondo where plaintiffs alleged that they reported the coach's abuse to defendant); *Bistline v. Parker*, 918 F.3d 849, 875-76 (10th Cir. 2019) (finding the complaint adequately stated a claim for venture liability under § 1589(b) where the allegations plausibly showed that defendants had ample notice of illegal activities and were well aware of crimes being committed against plaintiffs); *Ricchio v. McLean*, 853 F.3d 553, 555-56 (1st Cir. 2017) (finding the complaint adequately stated a § 1589(b) claim against motel owners where the allegations plausibly alleged that the owners were aware of a woman being held against her will and sexually abused while in their hotel).

However, courts refuse to find venture liability where the defendant is unaware of the allegedly unlawful conduct. *See, e.g., Jensen v. United States Tennis Ass'n*, No. 20-2422-JWL, 2020 WL 6445117, at *6 (D. Kan. Oct. 30, 2020) (finding plaintiff failed to state a claim for venture liability under § 1589(b) because she failed to plausibly allege facts that the tennis organization knew or recklessly disregarded the fact that the coach was abusing plaintiff). In *Jensen*, the court granted defendant's motion to dismiss noting, "plaintiff does not allege that she

ever notified USTA about Coach Haultain's conduct and she does not allege that anyone employed by USTA witnessed Coach Haultain's conduct or otherwise had any reason to know about Coach Haultain's conduct." *Id.*

As was the case in *Jensen*, the MMC Defendants had no knowledge of any alleged force or coercion used against Plaintiffs. The Complaint claims that Plaintiffs Sherman and Gozun cleaned at the monastery and that John Doe made certain mechanical repairs for the monastery. Complaint, ¶¶ 70(q), 71, 75, 76, 88(b), 89. It also claims that Fr. Daniel Schneider requested labor from TCR, transported TCR residents to the monastery, and dropped off equipment for repairs at TCR. *Id.*, ¶ 65. Significantly, there are no allegations that the MMC Defendants ever observed Plaintiffs behaving oddly or being verbally or physically abused. Plaintiffs also do not allege that they ever notified or complained to the MMC Defendants that they were being forced or coerced into the work they performed. The Complaint cannot state a plausible claim for venture liability of forced labor where there are no allegations that the MMC Defendants were aware of any unlawful conduct. Accordingly, Plaintiffs' § 1589(b) claim should be dismissed for failing to state a claim against the MMC Defendants.

B. **Plaintiffs Fail to State a Claim for Trafficking Against the MMC Defendants.**

In addition to the forced labor allegations, Count 3 of the Complaint claims that Fr. Daniel Schneider and MMC engaged in trafficking under the TVPA. To state a claim for trafficking under § 1590(a), a plaintiff must show that the defendant (1) knowingly, (2) recruited, harbored, transported, provided, or obtained by any means, (3) any person for labor or services (4) under conditions which violate any peonage, slavery, and trafficking offenses in Chapter 77 of Title 18. *See* 18 U.S.C. § 1590(a). Like forced labor violations, trafficking violations may also be alleged

under a theory of venture liability. In the section that provides for a civil right of action for TVPA claims, it states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)." 18 U.S.C. § 1595(a). Plaintiffs again fail to meet the plausibility standard for pleading both theories of liability against the MMC Defendants. *See Rigler*, 248 F.Supp.3d at 1231.

Under a primary-liability theory of trafficking, Plaintiffs must show that the MMC Defendants transported Plaintiffs *for* the benefit of their *forced* labor or services. *See Gilbert v. United States Olympic Comm.*, 423 F.Supp.3d 1112, 1133 (D. Colo. 2019) (recognizing that liability as a principal under § 1590(a) requires that the defendant knowingly transports the plaintiff "for" forced labor or services). Under a venture-liability theory, Plaintiffs must show that the MMC Defendants knew or should have known that the venture engaged in unlawful conduct under the TVPA. Thus, both theories require Plaintiffs to plead that the MMC Defendants knew, or had reason to know, that Plaintiffs were being forced or coerced to perform labor or services. As stated previously, no such allegations exist in the Complaint, rendering it defective on its face.

The Complaint claims that MMC received cleaning and repair work from TCR and TTS residents (Complaint, ¶¶ 70(q), 71, 75, 76, 88(b), 89) and that Fr. Daniel Schneider requested labor from TCR, transported TCR residents to the monastery, and dropped off equipment for repairs at TCR (Complaint, ¶ 65). Plaintiffs fail to plead facts showing that the MMC Defendants knew of or recklessly disregarded signs of force or coercion being used against Plaintiffs to compel their labor. Because Plaintiffs do not allege that the MMC Defendants were aware of any unlawful

conduct, the Complaint fails to state a claim of trafficking as to the MMC Defendants and should be dismissed accordingly.

C. **Plaintiffs Fail to State a RICO Claim Against Fr. Daniel Schneider.**

In Count 4 of the Complaint, Plaintiffs allege Fr. Daniel Schneider committed a RICO violation that entitles them to civil relief. *See* 18 USC § 1961 *et al*. To maintain a civil RICO claim under § 1964(c), a plaintiff must plead: "(1) that the defendant violated § 1962; (2) that the plaintiff's business or property was injured; and (3) that the defendant's violation is the cause of that injury." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017) (emphasis added); 18 U.S.C. § 1964(c). When relying on a violation of § 1962(c), as Plaintiffs do, they must also plausibly allege that each defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Hickenlooper*, 859 F.3d at 881; 18 U.S.C. § 1962(c). For the following reasons, Plaintiffs fail to state a civil RICO claim against Fr. Daniel Schneider.

*1. The Complaint Does Not Allege Fr. Daniel Schneider's Involvement in a RICO Enterprise.*

Plaintiffs allege that Fr. Daniel Schneider was part of an association-in-fact enterprise with the TCR- and TTS-related defendants. *See* Complaint, ¶ 135. To plead an association-in-fact enterprise, a plaintiff must plead facts sufficient to show the existence of a "group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 946 (2009) (citations omitted). The group "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.* at 946. Here, Plaintiffs' conclusory allegations are that the association-in-fact enterprise existed "for the purpose of

executing essential aspects of a criminal worker exploitation scheme in violation of 18 U.S.C. §§ 1589 & 1590." *See* Complaint, ¶ 136. As stated previously, there are simply no facts in the Complaint showing that Fr. Daniel Schneider intended to engage in worker exploitation or even knew about any potentially unlawful activities being committed by the TCR- or TTS-related parties. The factual allegations in the Complaint are plainly insufficient to show that Fr. Daniel Schneider engaged in an enterprise.

### 2. *The Complaint Does Not Adequately Allege That Fr. Daniel Schneider Engaged in Racketeering Activity.*

Liability under § 1962(c) requires Plaintiffs to plead that each defendant engaged in a "pattern of racketeering activity." Included in the definition of "racketeering activity" are violations of forced labor and trafficking. *See* 18 U.S.C. § 1961(1). While Plaintiffs attempt to rely on such TVPA allegations in Counts 1 through 3 to show "racketeering activity," their efforts are defective. It is not enough to simply allege that some members of an alleged enterprise engaged in racketeering activity. Rather, Plaintiffs must show that *each* defendant engaged in the racketeering activity. *See Hickenlooper*, 859 F.3d at 882. As shown previously, Plaintiffs fail to plausibly allege that Fr. Daniel Schneider committed any of the TVPA violations in Counts 1 through 3. Considering there are no allegations that Fr. Daniel Schneider committed any other predicate acts, the Complaint fails to state a claim that he engaged in racketeering activity.

### 3. *Plaintiffs Did Not Sustain Injury to Their Business or Property.*

To plausibly allege a RICO violation, Plaintiffs must show they sustained injury to their "business or property." 18 U.S.C. § 1964(c). Courts have recognized that "business or property" are words of limitation and that RICO plaintiffs must suffer some "proprietary type of damage to

[their] property or business." *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 279 (1992); *Local 355 v. Pier 66 Co.*, 599 F.Supp. 761, 765 (S.D. Fla. 1984). Thus, in order to state a claim, a RICO plaintiff must show they sustained "a concrete financial loss and not merely injury to a valuable intangible property interest." *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d. 1220, 1232 (D. Colo. 2010) (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000)). Further, "economic aspects of personal injuries and injuries incidental to the racketeering acts are not compensable under RICO." *Doe v. Roe*, 756 F. Supp. 353, 359 (N.D. Ill. 1991).

Plaintiffs' claims for damages in this case include three main categories—restitution for unpaid wages, compensatory damages for emotional distress, and return of housing or treatment payments made by Plaintiffs' parents to TCR and TTS. *See* Complaint, ¶¶ 92-99; Complaint, Section VII. None of these categories of damages are considered injuries to business or property. *See Giannone v. Ayne Inst.*, 290 F. Supp. 2d 553, 565 (E.D. Penn. 2003) (holding physical and emotional injuries are not injuries to business or property); *Doe v. Roe*, 756 F. Supp. 353, 359 (N.D. Ill. 1991) (holding "lack of compensation for services will not be considered injury to business or property under RICO"); *Doe v. Schneider*, 667 F. Supp. 2d 524 (E.D. Penn. 2009) (holding personal injuries and related pecuniary losses are not considered injury to business or property under RICO). Even if housing and treatment payments could generally be considered injuries to business or property, Plaintiffs are unable to recover such damages on behalf of unnamed parties (their parents). Plaintiffs have failed to allege that their business or property was injured.

### *4. Plaintiffs Fail to Plead RICO Causation.*

"Sufficiently establishing the element of causation—both actual and proximate—is crucial to proving any violation of RICO." *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1088 (10th Cir. 2014) (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 656–60 (2008)); *see also* 18 U.S.C. § 1964(c). "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). Plaintiffs do not come close to pleading the element of causation.

As stated previously, Plaintiffs' fail to allege any injury to their business or property. However, even assuming *arguendo* that the lost housing and treatment payments constituted injuries to Plaintiffs' business or property, Fr. Daniel Schneider's conduct did not directly lead to the payments of such fees. The Complaint states that "between $6,000 and $9,000 per month" were paid by each resident's parent for their treatment or housing. Complaint, ¶ 97. Even if Fr. Daniel Schneider committed predicate acts of forced labor and trafficking, the treatment or housing payments were made for the purpose of the teenager's attendance at TCR or TTS—not as a result of any acts by Fr. Daniel Schneider or MMC. *See Gilbert v. United States Olympic Comm.*, No. 18-cv-00981-CMA-MEH, 2019 WL 1058194, at *23 (D. Colo. Mar. 6, 2019) (finding that plaintiffs paid their $50 membership fee to be members at USAT, not as a result of the predicate acts). As such, Plaintiffs fail to plead any facts showing that Fr. Daniel Schneider's conduct directly led to Plaintiffs' alleged injuries.

## V.  CONCLUSION

Plaintiffs allege they suffered serious mistreatment while enrolled at Triangle Cross Ranch and Trinity Teen Solutions. In their attempt to recover, they misguidedly cast their nets far too wide by including Fr. Daniel Schneider and Monks of the Most Blessed Virgin Mary of Mount Carmel, d/b/a Mystic Monk Coffee, in their claims. In order to recover from these defendants, Plaintiffs must first plead facts sufficient to state a claim that is plausible on its face. Plaintiffs have failed to meet that burden. As such, Fr. Daniel Schneider and Monks of the Most Blessed Virgin Mary of Mount Carmel, d/b/a Mystic Monk Coffee, respectfully request that the Court dismiss them from Plaintiffs' Class Action Complaint with prejudice.

Dated:  29 January 2021.

MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, a Wyoming corporation, d/b/a Mystic Monk Coffee, and DANIEL SCHNEIDER, Defendants

BY: _____
**TRACI L. LACOCK, #6-4009**
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendants
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
tlacock@hirstapplegate.com

*Admitted Pro Hac Vice:*
**BRIAN C. FRIES** (MO # 40830)
**MARA H. COHARA** (MO # 51051)
Lathrop GPM LLP
2345 Grand Blvd., Ste. 2200
Kansas City, MO  64108
Phone: (816) 292-2000
Fax: (816) 292-2001
brian.fries@lathropgpm.com
mara.cohara@lathropgpm.com

– 16 –

## CERTIFICATE OF SERVICE

       I certify the foregoing ***Defendants Monks of the Most Blessed Virgin Mary of Mount Carmel, D/B/A Mystic Monk Coffee, and Daniel Schneider's Brief in Support of Their Motion to Dismiss*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 29 January 2021, and that copies were served as follows:

| | |
|---|---|
| Michael B. Rosenthal<br>Nathan A. Nicholas<br>Hathaway & Kunz, LLP<br>P. O. Box 1208<br>Cheyenne, WY 82003-1208<br>mike@hkwyolaw.com<br>nnicholas@hkwyolaw.com<br>*Attorneys for Plaintiffs* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Brice M. Timmons<br>Bryce Ashby<br>Craig Edgington<br>Donati Law, PLLC<br>1545 Union Ave.<br>Memphis, TN 38104<br>brice@donatilaw.com<br>bryce@donatilaw.com<br>craig@donatilaw.com<br>*Attorneys for Plaintiffs* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Frank L. Watson, III<br>Watson Burns, PLLC<br>253 Adams Avenue<br>Memphis, TN 38104<br>fwatson@watsonburns.com<br>*Attorney for Plaintiffs* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |

| | |
|---|---|
| Lillian Alves<br>Thomas B. Quinn<br>Gordon & Rees LLP<br>555 Seventeenth Street, Suite 3400<br>Denver, CO  80202<br>lalves@grsm.com<br>tquinn@gordonrees.com<br>*Attorneys for Defendants*<br>*Trinity Teen Solutions Inc.,*<br>*Angela C. Woodward,*<br>*Jerry D. Woodward,*<br>*Kara Woodward,*<br>*Kyle Woodward,*<br>*Dally-Up LLC* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Keith R. Olivera<br>Monty L. Barnett<br>Rachel E. Ryckman<br>White & Steele P.C.<br>Dominion Towers, North Tower<br>600 17th Street, Suite 600N<br>Denver, CO  80202-5406<br>kolivera@wsteele.com<br>mbarnett@wsteele.com<br>rryckman@wsteele.com<br>*Attorneys for Defendants*<br>*Triangle Cross Ranch LLC,*<br>*Gerald E. Schneider,*<br>*Michaeleen P. Schneider,*<br>*Mathew Schneider,*<br>*Mark Schneider,*<br>*Thomas George* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Paul J. Hickey<br>Loyd E. Smith<br>Hickey & Evans LLP<br>1800 Carey Avenue, Suite 700<br>P. O. Box 467<br>Cheyenne, WY  82003-0467<br>phickey@hickeyevans.com<br>lsmith@hickeyevans.com<br>*Attorneys for Defendant*<br>*Diocese of Cheyenne* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |

| | |
|---|---|
| Jane M. France<br>Sundahl, Powers, Kapp & Martin<br>P. O. Box 328<br>Cheyenne, WY  82003-0328<br>*jfrance@spkm.org*<br>*Attorney for Defendant*<br>*Society of Our Lady of the Most Holy Trinity* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Patrick J. Sodoro<br>MaKenna J. Stoakes<br>Sodoro Mooney & Lenaghan<br>13924 Gold Cir.<br>Omaha, NE  68144<br>*psodoro@smllawoffice.com*<br>*mstoakes@smllawoffice.com*<br>*Attorneys for Defendant*<br>*Society of Our Lady of the Most Holy Trinity* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Rick L. Koehmstedt<br>Schwartz, Bon, Walker & Studer<br>141 South Center Street, Suite 500<br>Casper, WY  82601<br>*rick@schwartzbon.com*<br>*Attorneys for Defendant*<br>*New Mount Carmel Foundation Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Patricia K. Buchanan<br>Patterson Buchanan Fobes & Leitch<br>1000 2nd Ave. - Ste 30th Floor<br>Seattle, WA  98104<br>*pkb@pattersonbuchanan.com*<br>*Attorney for Defendant*<br>*New Mount Carmel Foundation Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

Timothy M. Stubson
Crowley Fleck PLLP
111 West Second Street, Suite 220
Casper, WY  82601
*tstubson@crowleyfleck.com*
*Attorney for Defendants*
*Judith D. Jefferis*
*Rock Creek Ranch, Inc.*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☒ E-FILE

_____
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendants