IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH**, and **JOHN DOE** on behalf of themselves and all similarly situated persons, | ) ) ) | |
| | ) | |
| PLAINTIFFS, | ) | **Case No. 20-CV-215-S** |
| v. | ) | |
| | ) | |
| **TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC**, a Wyoming limited liability corporation; **MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE**, a Wyoming corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE;JUDITH D. JEFFERIS; DALLY-UP, LLC**, a Wyoming limited liability corporation; **ROCK CREEK RANCH, INC.**, a Delaware corporation; **DIOCESE OF CHEYENNE**, a Wyoming corporation; and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY**, a Texas corporation; and **NEW MOUNT CARMEL FOUNDATION, INC.**, a Wyoming corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT SOLT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** |
| DEFENDANTS. | ) | |

COMES NOW Defendant Society of Our Lady of the Most Holy Trinity ("SOLT") and hereby serves its brief in support of its Motion to Dismiss.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs' causes of action allegedly arise from their time at Mount Carmel Youth Ranch ("MCYR")[1], Triangle Cross Ranch, LLC ("TCR") and Trinity Teen Solutions, LLC ("TTS"). Plaintiffs allege that they spent various amounts of time under the custody and control of MCYR, TCR and TTS. Compl., dkt. 1, at ¶¶ 69, 74, 85, 87. While attending MCYR, TCR, and TTS, Plaintiffs claim in their 150 paragraph Complaint that they were forced to perform labor under threat of force and in violation of numerous federal statutes and state tort law. *Id*. at ¶¶ 9-12, 14-16, 19, 49, 52, 58-59, 62-64.

Plaintiffs' allegations specifically mentioning SOLT, however, are limited to a mere three paragraphs[2]. Plaintiffs allege the following:

- At all times material, SOLT operated ministries in and conducted activities through the Diocese of Cheyenne. *Id*. at ¶ 46.

- Defendant Thomas George at all times relevant to this matter served as Executive Director, Special Projects Manager and a Family Life Coach at Mount Carmel Youth Ranch and TCR. "He also served the Catholic Church as a lay missionary member of SOLT for over twenty years. For six of those years as the International Regional Director of SOLT, directing the activities of Priests, Religious and Lay faithful within the Society. At all times relevant to these proceedings, he coordinated, approved, directed and facilitated the use of

---

[1] MCYR is now operating as Triangle Cross Ranch, LLC per the Complaint. Compl., dkt. 1, at ¶ 3.

[2] Plaintiffs' footnote No. 10 alleges that Thomas George was the registered agent of SOLT prior to the proposed class action dates. Compl., dkt. 1, at ¶ 46, n. 10. Since this allegation predates any of Plaintiffs' stay at MCYR, TCR, and TTS, this footnote is irrelevant to these proceedings.

child labor from MCYR and TCR at SOLT and other Catholic Church facilities." *Id*. at ¶ 50.

- Defendants Angela Woodward, Jerry Woodward, Gerald Schneider, and Michaeleen P. Schneider (collectively "TTS Owners") coordinated for the use of Plaintiffs' labor to provide weekly cleaning and event set up services for churches and facilities owned by SOLT. *Id*. at ¶ 66.

Based on the allegations above, Plaintiffs claim that SOLT is liable for common law negligence and for violations of 18 U.S.C. § 1589(b), 18 U.S.C. § 1590(a), 18 U.S.C. § 1595, which were enacted under the Trafficking Victims Protection Act of 2000 ("TVPA")[3]. *Id*. at ¶¶ 117-126, 146-150.

The forced labor statute of the TVPA, § 1589,  may be violated as a primary offender (§ 1589 (a)) or by simply benefitting financially from participation in a venture with the primary offender (§ 1589(b)).  *Bistline v. Parker*, 918 F.3d 849, 871 (10th Cir. 2019). Under Count 2, Plaintiffs are only seeking damages against SOLT under § 1589(b) for venture liability. In Count 3, Plaintiffs seek damages based on allegations that SOLT violated § 1590(a), the trafficking statute. *See* Compl., dkt. 1 at ¶ 124. The statute prohibits knowingly recruiting, harboring, transporting, providing or obtaining any person for labor or services under conditions which violate any peonage, slavery, and trafficking offenses. 18 U.S.C. § 1590(a).

Plaintiffs also utilize § 1595 in both Counts 2 and 3, which provides a private right of action for violations of § 1590(a) and § 1589(b) when a defendant 1) knowingly benefited financially or 2) received things of value from participating in a venture which had engaged in providing forced

---

[3] Plaintiffs' state tort law claims are limited to Plaintiff Nash and the Subclass. *See* Compl., dkt. 1 at ¶ 147.

labor or in reckless disregard of the facts that the venture engaged in providing forced labor. *See* 18 U.S.C. § 1595 *and* Compl., dkt. 1 at ¶¶ 118, 123. Finally, Plaintiffs claim a common law negligence claim against SOLT in Count 5. Compl., dkt. 1 at ¶ 146-147. As stated more fully herein, Plaintiffs' inadequate factual allegations against SOLT fail to show that they are entitled to relief under Count 2, 3, or 5 of their Complaint.

## STANDARD

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all well pleaded facts, as distinguished from conclusory allegations, and must review the facts in the light most favorable to the non-moving party. *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). A complaint must contain enough allegations of fact to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In other words, the allegations, if assumed to be true, must plausibly, not just speculatively, provide a claim for relief. *Robbins v. Okla. ex. rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). A complaint that fails to distinguish what acts are attributable to whom makes it impossible to defend against the claim and does not satisfy this requirement. *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

## ARGUMENT

I.    **THIS COURT SHOULD GRANT SOLT'S MOTION TO DISMISS BECAUSE PLAINTIFFS FAIL TO ALLEGE FACTS FROM WHICH THE COURT COULD REASONABLY INFER THAT SOLT KNOWINGLY ENTERED INTO A VENTURE FOR FORCED LABOR IN VIOLATION OF 18 U.S.C. § 1589.**

In Count 2 of their Complaint, Plaintiffs plead causes of action brought pursuant to 18 U.S.C. § 1595(a) for violations of 18 U.S.C. § 1589(b). Compl., dkt. 1 at ¶ 117-121. They also

allege that SOLT directly violated § 1589(b). *Id*. at ¶ 119. Pursuant to § 1589(b), a party may not *knowingly* benefit financially, or receive anything of value from a venture which has engaged in providing forced labor. Similarly, § 1595(a) allows parties to bring a civil action against one who *knowingly* benefited financially or received anything of value from participating in a *venture* which that person knew or should have known engaged in an act in violation of 18 U.S.C. § 1581 *et seq*. Plaintiffs' three factual allegations against SOLT fail to show that it knew or knowingly benefitted from or participated in any venture in which it knew or should have known that it was violating the TVPA.

A.   *Plaintiffs fail to properly allege a "venture" as required by §§ 1595(a) and 1589(b).*

In order to establish a cause of action pursuant to §§ 1595(a) and 1589(b), Plaintiffs must show that SOLT knowingly benefited financially, or received anything of value, from participation in a venture which has engaged in the forced labor in knowing or reckless disregard of the fact that the venture has engaged in the providing of labor or services.   "Venture" includes "any group of two or more individuals associated in fact, whether or not a legal entity." *Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019). Plaintiffs failed to allege any allegations that SOLT was affiliated with TCR, MCYR, or TTS. They merely argue that the alleged forced labor occurred at SOLT facilities. Compl., dkt. 1 at ¶¶ 50, 66. Since Plaintiffs fail to allege that SOLT was affiliated in any way with the TCR, MCYR, or TTS, Plaintiffs fail to state a claim that SOLT was engaged in a "venture" under §§ 1595 and 1589(b). Thus, SOLT's Motion to Dismiss should be granted.

B.   *Plaintiffs fail to properly allege that SOLT knew or should have known that they were benefiting from violations of § 1589.*

In addition to showing that SOLT was engaged in a venture, Plaintiffs must also allege that SOLT *knew or should have known* that they were benefitting from a venture engaged in the act of

violating § 1589(b). *Bistline*, 918 F.3d at 873; *Ricchio v. Bijal, Inc.*, 424 F. Supp 3d 182, 193 (D. Mass. 2019).  SOLT is a corporation; therefore, Plaintiffs must rely on an agency theory in order hold it liable for knowingly committing misconduct. *See U.S. v. A&P Trucking Co*, 358 U.S. 121, 125 (1958) (avowing that "entities can be guilty of 'knowing' or 'willful' violations of regulatory statutes through the doctrine of respondeat superior.").

Under the doctrine of respondeat superior, when the relationship of principal and agent is at issue, the party alleging agency has the burden of proving the existence and nature of that relationship. *Hull v. D'Arcy*, 202 P.3d 417, 422 (Wyo. 2009); *Fowler v. Westair Enters*., Inc., 906 P.2d 1053, 1055 (Wyo. 1995). There is no presumption that an agency exists. *Hamilton v. Natrona County Educ. Ass'n,* 901 P.2d 386 (Wyo.1995); *Holliday v. Bannister,* 741 P.2d  95 (Wyo.1987). A principal can only be liable for actions by the agent within the scope of that agency. *Hamilton*, 901 P.2d at 385 (citing *Miller v. Reiman-Wuerth Co.*, 598 P.2d 20,22 (Wyo.1979). *See also*, *Austin v. Kaness*, 950 P.2d 561, 563 (Wyo.1997); *Killian v. Caza Drilling, Inc.*, 131 P.3d 975, 978-79 (Wyo. 2006); *Eklund v. PRI Environmental*, Inc., 25 P.3d 511, 515 (Wyo.2001).  To determine whether one is acting within the scope of agency, plaintiffs must articulate that the actions complained of are the kind of work the agent was employed to perform, that the work occurred substantially within the authorized time and space limits, and that the work was actuated by a purpose to serve the principal. *Id*. None of the facts alleged in the Complaint establish an agency relationship between any other defendant and SOLT.

     i.     *Plaintiffs do not allege facts from which the Court could reasonably infer that Defendant Thomas George was acting as an agent of SOLT.*

The allegations against SOLT fail to establish that an agent of SOLT knew or should have known that the alleged labor at SOLT facilities violated the TVPA. Plaintiffs' allegation number fifty alleges that, at all times relevant, Defendant Thomas George worked at MCYR and TCR and

that he coordinated, approved, and directed labor at SOLT facilities. Compl., dkt. 1 at ¶ 50. Plaintiffs also allege that Defendant Thomas George was a "lay missionary member" of SOLT for twenty years and held other titles at SOLT during six of those years. *Id*. Plaintiffs fail to state whether Defendant Thomas George had an any relationship with SOLT at the time the Plaintiffs performed work at MCYR or TCR.

In addition to failing to set out the time of Defendant Thomas George's alleged affiliation with SOLT, Plaintiffs fail to articulate whether his duties would include organizing Plaintiffs' labor at SOLT facilities. Merely alleging that he directed priests, religious, and lay faithful and other members at SOLT and coordinated, approved and directed labor at SOLT facilities does not establish that directing labor was within the scope of agency with SOLT.  Thus, without any allegation that Defendant Thomas George was acting in the scope of agency with SOLT, Plaintiffs' allegations are insufficient to state a claim for relief as requested in Count 2 of their Complaint.

ii.     *Assuming that Plaintiffs' allegations are sufficient to allege that Defendant Thomas George could be considered an agent of SOLT and TCR/MCYR, his knowledge obtained while working for TCR/MCYR cannot legally be imputed to SOLT.*

Moreover, even if Plaintiffs' allegations can be interpreted as alleging that Defendant Thomas George was acting within the scope of agency with SOLT when he arranged for Plaintiffs' labor at SOLT facilities, his own knowledge that the labor constituted forced labor in violation of § 1589(a) cannot be imputed to SOLT. Knowledge of an agent is imputed to his corporate principal only if the agent received the knowledge while acting within the scope of his authority and the knowledge concerns a matter within the scope of that authority. *Fox v. Arey*, 2011 WL 13229664, at *3 (D. Wyo. Dec. 19, 2011). Thus, knowledge obtained by an agent outside the scope of his employment or capacity is usually not imputed to the corporation.  *Id*. This is especially true when the agent may have agency relationships with more than one principal. In such cases, relationships

among agents and multiple principals do not exist in common law unless the parties assent to such an arrangement. *Restatement (Third) of Agency Law* §3.14 cmt. b.[4]

Plaintiffs allege that Defendant Thomas George served as the Executive Director of MCYR and TCR. Notably, Defendant Thomas George and TCR are alleged to have knowingly obtained or provided Plaintiffs' labor under threat of force. Compl., dkt. 1, at 47 ¶ 112-114. The Complaint is devoid of any allegations that Defendant Thomas George would have obtained knowledge of Plaintiffs' forced labor outside his employment with TCR and MCYR. Without any allegation that the Defendant Thomas George or an agent of SOLT knew or should have known that Plaintiffs' alleged labor at a SOLT facility was forced, Plaintiffs' allegations fail to satisfy the knowledge requirement and fail to properly state their claims under Count 2 of the Complaint.

> iii.   *Plaintiffs fail to allege any facts asserting that SOLT had knowledge that Plaintiffs' labor arranged by the TTS Owners violated TVPA.*

Plaintiffs fail to allege that SOLT knew or should have known that Plaintiffs' labor at SOLT facilities as arranged by TTS Owners was obtained in violation of § 1589. Plaintiffs merely allege that TTS Owners coordinated for the Plaintiffs' labor at SOLT facilities. *Id*. at ¶ 66. SOLT is unable to discern from Plaintiffs' allegation how Plaintiffs allege it knew or should have known that such labor violated TVPA. Therefore, Plaintiff's allegations fail to state a plausible cause of action in their Complaint.

## II.   THIS COURT SHOULD GRANT SOLT'S MOTION TO DISMISS BECAUSE PLAINTIFFS FAILED TO ALLEGE FACTS FROM WHICH THE COURT COULD REASONABLY INFER THAT SOLT KNOWINGLY ENTERED INTO A VENTURE FOR TRAFFICKED LABOR OR PARTICIPATED IN TRAFFICKING LABOR IN VIOLATION OF 18 U.S.C. § 1590(a).

---

[4] Wyoming has cited the Restatement (Third) of Agency Law with favor. *See Maverick Motorsports Grp., LLC v. Dep't of Revenue*, 253 P.3d 125 (Wyo. 2011) (utilizing the Restatement to define the scope of an agency relationship).

Plaintiffs also allege claims against SOLT pursuant to 18 U.S.C. § 1590(a). Compl., dkt. 1 at ¶ 124. To establish a claim under § 1590(a), Plaintiffs must allege that SOLT knowingly recruited, harbored, transported, provided, or obtained any person for labor services in violation of the TVPA. *See* 18 U.S.C. § 1590. Prohibited means under the TVPA include 1) means of force, threats of force, physical restraint, or threats of physical restraint to that person or another, 2) by means of serious harm or threats of serious harm to that person or another, 3) means of abuse or threatened abuse of the legal process; or 4) by means of any scheme, plan, or pattern intended to cause the person to believe that they must perform labor or the person or another would suffer serious harm or physical restraint. *Macias v. Monterrey Concrete LLC,* 2020 WL 5638710, at *9 (E.D. Va. Sept. 21, 2020).

Here, Plaintiffs wholly fail to assert that SOLT engaged in any threats, abuse, or any other perpetrator actions. Their allegations fail to assert that SOLT demonstrated any control whatsoever over Plaintiffs. Instead, they only suggest that a minimal amount of their forced labor occurred at a SOLT facility. Compl., dkt. 1 at ¶¶ 50, 66. This is insufficient to establish a claim under § 1590(a). *See Macias*, 2020 WL 5638710, at *10 (granting a motion to dismiss TVPA claims where plaintiffs failed to establish that the defendants subjected them to a level of coercion required under the statute). Without allegations that SOLT participated in the prohibited conduct under the TVPA, this Court should dismiss all claims against SOLT as stated in Count 3 for liability under § 1590(a).

Like Count 2, Plaintiffs also allege in Count 3 that SOLT is liable pursuant to 18 U.S.C. § 1595 for entering into a business venture which it knew or should have known was in violation of 18 U.S.C. § 1590. As previously stated, § 1595 provides liability for parties who *knowingly* benefit financially or by receiving anything of value from participating in a *venture* which that person knew or should have known engaged in an act in violation of 18 U.S.C. § 1581 *et seq*. As with

Count 3, Plaintiffs' alleged facts fail to establish that SOLT knew or should have known of the trafficking or that it participated in any venture with TCR, MCYR, and TTS. Since Plaintiffs' Complaint fails to establish the knowledge and venture requirements under § 1595, this Court should dismiss the claims against SOLT listed in Count 3.

### III.   THIS COURT SHOULD GRANT SOLT'S MOTION TO DISMISS BECAUSE PLAINTIFFS FAIL TO ALLEGE FACTS FROM WHICH THE COURT COULD DRAW A REASONABLE INFERENCE THAT SOLT WAS NEGLIGENT.

The final theory against SOLT, brought by Plaintiff Nash and the Subclass, is that of common law negligence as set forth in Count 5. Compl., dkt. 1, ¶ 147.[5] In order to prevail on a claim for negligence, a plaintiff must prove that a defendant owed a duty to plaintiff, that the duty was breached, and that the breach proximately caused the plaintiff damages. *Vassos v. Roussalis*, 625 P.2d 768, 772 (Wyo. 1981).

Plaintiff Nash and the Subclass's claim for negligence is limited to allegations regarding TTS from November 27, 2017 to the present, making any allegations mentioning MCYR and TCR irrelevant. *See* Compl., dkt. 1, ¶¶ 100-101. Thus, the sole allegation supporting a negligence claim against SOLT is that Defendants Angela Woodward, Jerry Woodward, Gerald Schneider, and Michaeleen P. Schneider coordinated for the use of Plaintiffs' labor to provide weekly cleaning and event set up services for churches and facilities owned by SOLT. *Id*. at ¶ 66. This allegation, like Plaintiffs' other allegations, fails to establish a claim for negligence against SOLT since it does not articulate a duty, breach, or causation.

   A.  *Plaintiff Nash and the Subclass fail to assert facts to show SOLT owed them a general duty of reasonable care.*

---

[5] Plaintiffs do not allege that SOLT is liable for Negligent Infliction of Emotional Distress. (¶ 147-150).

Plaintiff Nash and the Subclass argue generally that SOLT owed them a duty of care "through the acts complained of herein." (147) The determination of an existence of a duty is a question of law. *Berry v. Tessman*, 170 P.3d 1243, 1245 (Wyo. 2007). Some of the factors that may utilized in determining the existence of a duty are:

> (1) the foreseeability of harm to the plaintiff, (2) the closeness of the connection between the defendant's conduct and the injury suffered, (3) the degree of certainty that the plaintiff suffered injury, (4) the moral blame attached to the defendant's conduct, (5) the policy of preventing future harm, (6) the extent of the burden upon the defendant, (7) the consequences to the community and the court system, and (8) the availability, cost and prevalence of insurance for the risk involved.

*Id*. Of all the factors considered, foreseeability is the most important. *Lucero v. Holbrook*, 288 P.3d 1228, 1233 (Wyo. 2012). A defendant owes a duty of care to all persons who are foreseeably endangered by its conduct with respect to all risks which are unreasonably dangerous. *Id*. The closeness of connection between the injury suffered is closely related to the foreseeability factor and asks whether there was an intervening actor. *Id*. at 1234.

In *Sorenson v. State Farm Auto. Ins. Co*., State Farm alleged that Sorenson, the owner but not driver of a vehicle which negligently struck State Farm's insured, violated Wyoming law by failing to maintain liability insurance on her vehicle. 234 P.3d 1233, 1235 (Wyo. 2010). The Wyoming Supreme Court determined that Sorenson did not owe State Farm's insured a duty of care under common law. *Id*. at 1244. The court found that the insured's damages were closely connected with the driver's failure to exercise reasonable care in the operation of the vehicle instead of the failure to maintain insurance. *Id*.

Like in *Sorenson*, damages alleged by Plaintiff Nash and the Subclass are more closely connected with the alleged actions of TTS. Their damages are likewise unforeseeable from SOLT's perspective when taking into consideration that only the labor, as opposed to any damages, allegedly took place at a SOLT facility and that the Complaint fails to establish that SOLT knew

that any labor was forced. As the foreseeability and close connection factors cannot be met, SOLT did not owe a duty of reasonable care to Plaintiff Nash and the Subclass.

Moreover, there is no duty to control the conduct of a third person as to prevent them from causing physical harm to another unless a special relationship exists between 1) the defendant and the third person which imposes a duty to control the third person or 2) the plaintiff and the defendant which gives the plaintiff the right to protection. *Daniels v. Carpenter*, 62 P.3d 555, 558 (Wyo. 2003). Plaintiff Nash and the Subclass have alleged no facts which would create a special relationship between them and SOLT or between SOLT and TTS or TTS Owners. For these reasons, the negligence claim brought by Plaintiff Nash and the Subclass against SOLT fails to establish a claim for which relief may be granted, and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

> B. *Assuming arguendo that Plaintiff Nash and the Subclass have established a duty under a premises liability theory, they fail to assert a breach and physical damages that occurred on SOLT property.*

Plaintiff Nash and the Subclass may argue that SOLT owed them a duty of reasonable care under a premises liability theory since their alleged forced labor occurred at a SOLT facility. A defendant owes a general duty to "act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk." *Clarke v. Beckwith,* 858 P.2d 293, 296 (Wyo.1993). Assuming that their allegation supports such a duty, Plaintiff Nash and the Subclass fail to establish any allegations which show that SOLT breached said duty of reasonable care. Without the allegations supporting a breach by SOLT specifically, the negligence claim fails.

Additionally, Plaintiff's negligence claim cannot survive without an allegation of physical damages caused by SOLT. Wyoming law only allows for emotional damages for negligence

without a physical injury in limited circumstances. *Larsen v. Banner Health Sys.,* 81 P.3d 196, 206 (Wyo. 2003). Those circumstances include a contractual relationship for services that carry deeply emotional responses in the event of a breach, intentional torts, violations of constitutional rights, breach of the covenant of good faith and fair dealing, and automobile accidents. *Id.*, *Daily v. Bone,* 906 P.2d 1039 (Wyo. 1995). Plaintiff Nash and the Subclass fail to allege any physical injuries which occurred on the SOLT premises. They allege no facts which would bring them within the limited circumstances in which Wyoming law allows claims with purely emotional damages. *See Hendricks v. Hurley*, 184 P.3d 680, 686 (Wyo. 2008) (affirming summary judgment for a purely emotional claim where the plaintiff did not allege the circumstances articulated by *Larsen* court which would allow for such claims). Because Plaintiff Nash and the Subclass fail to allege any breach by SOLT that proximately caused physical damages or that their claim falls into the narrow circumstances allowing for purely emotional damages, they fail to state a proper claim for relief. Therefore, this Court should grant SOLT's motion to dismiss.

   C.  *Plaintiff Nash and the Subclass did not plead a claim for negligent infliction of emotional distress against SOLT.*

   Although Count 5 of the Complaint is entitled "NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS", Plaintiff Nash and the Subclass failed to sufficiently plead any action for negligent infliction of emotional distress against SOLT. Negligent infliction of emotional distress claims are limited to plaintiffs who observed their relative's serious bodily harm or death or those that observed a relative's serious bodily harm or death shortly after its occurrence without material change in condition and location of the victim. *Gates v. Richardson*, 719 P.2d 193, 199 (Wyo. 1986). This is different from intentional infliction of emotional distress, which may be established if the defendant exhibited extreme or outrageous conduct and the plaintiff suffered severe emotional distress). *Leithead v. Am. Colloid Co.*, 721 P.2d

1059, 1065 (Wyo. 1986). Despite the title of Count 5, Plaintiff Nash and the Subclass have not plead claim of negligent infliction of emotional distress. To the extent that Plaintiff Nash and the Subclass properly plead outrageous conduct and extreme conduct causing severe emotional distress, TTS was the only actor named in the allegation. *See* Compl. dkt. 1, ¶ 148. Since Plaintiff Nash and the Subclass did not plead negligent infliction of emotional distress against SOLT, this Court should grant SOLT's Motion to Dismiss.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs fail to allege sufficient facts to plausibly establish any cause of action against SOLT. Thus, this Court should dismiss Plaintiffs' claims against SOLT pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this 29th day of January, 2021.

SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, Defendant,

By: ____*/s/ Jane M. France*_____
Jane M. France WSB #7-4828
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue
P.O. Box 328
Cheyenne, WY 82001
(307) 632-6421 (office)
(307) 432-6107 (direct)
(307) 632-7216 (fax)
jfrance@spkm.org
*Attorney for Defendant Society of Our Lady of the Most Holy Trinity*

By: ____*/s/MaKenna J. Stoakes*_____
Patrick J. Sodoro, *appearing pro hac vice*
MaKenna J. Stoakes, *appearing pro hac vice*
Sodoro + Mooney + Lenaghan
13924 Gold Circle
Omaha, Nebraska 68144
(402) 504-9346 (office)

(402) 932-1662 (fax)
psodoro@smllawoffice.com
mstoakes@smllawoffice.com
*Attorneys for Defendant Society of Our Lady of the*
*Most Holy Trinity*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served by filing with Pacer CM/ECR which sent copies to the following parties, on this 29th day of January, 2021 to all attorneys of record:

\_\_*/s/ Alexandra Plymale*\_\_\_\_\_