

FILED

10:41 am, 4/27/22

U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

ANDREW SCAVUZZO, et al.,

    Plaintiffs,

vs.

TRIANGLE CROSS RANCH, LLC , SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, et al.,

    Defendants.

Case No. 1:20-CV-215-S

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SUBSTITUTE NAMED PLAINTIFF AND FOR LEAVE TO AMEND COMPLAINT [DOC. 181].**

This matter is before the Court on Plaintiff's Motion to Substitute Named Plaintiff and For Leave to Amend Complaint [Doc. 181]. The Court, having carefully considered the Motion, Response, and being otherwise fully advised, FINDS: Plaintiffs' request to substitute T.I. and Gregory Gurta for the deceased Plaintiff Jelinek is improper. Additionally, Plaintiffs' request to name Gregory Gurta, Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc. as parties is unduly delayed. However, there is no such undue delay or prejudice to Defendants by allowing T.I. and his claims against the current Defendants to be added in an amended complaint.

### BACKGROUND

This case is before the Court on Plaintiffs' putative class action. Plaintiffs allege the parents of "troubled teen" minors paid to send their children to one of two working ranches in Wyoming where the teens were supposed to receive various forms of traditional and cutting-

edge therapy and schooling. Plaintiffs contend it was all a racket, though, as the ranches were light on the education, even lighter on the therapy, and largely forced the teenagers to labor for many hours per day under horrible conditions. Plaintiffs allege each Defendant was either directly involved with the scam or knowingly benefitted from the forced labor or both. Plaintiffs assert federal causes of action for unlawful forced labor, human trafficking, and violations of the Racketeer Influenced and Corrupt Organizations Act and state-law causes of action for negligence and/or negligent infliction of emotional distress.

The trial court entered six orders ruling on Defendants' various motions to dismiss. (Docs. 157-162). The following is a summary of the claims after the Orders ruling on the various motions to dismiss:

Count 1, liability as a primary offender under 18 U.S.C. § 1589(a) for knowingly providing or obtaining illegal forced labor, survives and proceeds to discovery against the following Defendants: Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, Triangle Cross Ranch, Gerald Schneider, Michaeleen Schneider, Mark Schneider, Mathew Schneider, and Thomas George.

Count 2, venture liability under 18 U.S.C. § l589(b) for knowingly benefiting from illegal forced labor, survives and proceeds to discovery against the following Defendants: Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, Triangle Cross Ranch, Gerald Schneider, Michaeleen Schneider, Mark Schneider, Mathew Schneider, Thomas George, Dally-Up LLC, and the Society of Our Lady of the Most Holy Trinity (but only as to Plaintiffs who were residents at Triangle Cross Ranch).

Count 3, liability under 18 U.S.C. § 1590(a) for knowingly trafficking a person for forced labor or services, survives and proceeds to discovery against the following Defendants:

Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, Triangle Cross Ranch, Gerald Schneider, Michaeleen Schneider, Mark Schneider, Mathew Schneider, Thomas George, Dally-Up LLC, and the Society of Our Lady of the Most Holy Trinity (but only as to Plaintiffs who were residents at Triangle Cross Ranch).

Count 4, civil liability under the Racketeer Influenced and Corrupt Organizations Act is dismissed in its entirety as to all Defendants.

Count 5, negligence and negligent infliction of emotional distress under state law, is dismissed in its entirety as to all Defendants.

The following named Defendants were dismissed from this lawsuit because no plausibly-pled claim surviving 12(b)(6) dismissal was asserted against them: Monks of the Most Blessed Virgin Mary of Mount Carmel d/b/a Mystic Monk Coffee, Daniel Schneider, Judith Jefferis, Rock Creek Ranch Inc., the Diocese of Cheyenne, and the New Mount Carmel Foundation Inc.

## MOTION TO SUBSTITUTE NAMED PLAINTIFF AND AMEND COMPLAINT

In the instant Motion, Plaintiffs seek leave to substitute a named plaintiff due to death, and to file a second amended complaint. First, Plaintiff seeks to add two Putative Class members, Gregory Gurta and T.I., a minor whose interests are represented by his father H.I., for Plaintiff Ehan Jelinek who is now deceased. Plaintiffs assert Plaintiff Jelinek's estate will remain a member of the Putative Class but wishes to substitute the claims of the two new Plaintiffs who will serve as representatives of the Putative Class. Plaintiffs argue the claims to be asserted by T.I. and Gregory Gurta are identical to the claims already asserted by Plaintiff Scavuzzo, arising under 18 U.S.C. §§ 1589(a), 1589(b), and 1590(a). Plaintiffs also seek to

add two new corporate defendants: Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc.

Defendants Triangle Cross Ranch, LLC, Gerald E. Schneider, Michaeleen P. Schneider, Matthew Schneider, Mark Schneider, and Thomas George, (collectively "Defendants") oppose Plaintiffs' Motion and request it be denied. Defendants argue the request to substitute is not proper because only a party with a legal ability to maintain a claim on behalf of the deceased may be substituted. Defendants go on to argue the request to amend is not timely because Plaintiffs knew or should have known of the two newly proposed defendants from the time of the filing of the original Complaint and that Plaintiffs certainly knew of the new defendants and proposed plaintiff Gurta at the filing of the First Amended Complaint. Lastly, Defendants claim they would be unfairly prejudiced if Plaintiffs were permitted to file the proposed second amended complaint.

## RELEVANT LAW

Rule 15 of the Federal Rules of Civil Procedure generally governs amendments to pleadings. *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). A party may amend its pleading as a matter of course within certain parameters. Fed. R. Civ. P. 15(a). A party may amend its pleading once as a matter of course within twenty-one days of service or twenty-one days after service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). After a party's time to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, and the decision of granting leave to amend is within the discretion of the trial court. Fed. R. Civ. P. 15(a); *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584–85 (10th Cir. 1993) (citing

4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). The United States Court of Appeals for the Tenth Circuit has adopted a liberal standard when determining whether leave to amend a pleading should be given. *Martinez v. Cornell Corr. of Tex., Inc.*, 229 F.R.D. 236, 238 (D. N.M. 2005) (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Serv.*, 181 F.3d 1180, 1185–86 (10th Cir. 1999)). The liberal policy of granting motions to amend reinforces the basic principle that pleadings should enable a claim to be heard on its merits. *Martinez*, 229 F.R.D. at 238.; *Foman v. Davis*, 371 U.S. 178, 181–82 (1962). However, a court may deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman*, 371 U.S. at 182.

### RULING OF THE COURT

Plaintiffs seek to file a second amended complaint substituting two new plaintiffs, Gregory Gurta and T.I. for the deceased Plaintiff Jelinek, and naming two new defendants Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc.

<u>*Request to Substitute*</u>

First, the Court finds Plaintiffs' Motion to substitute Gregory Gurta and T.I. for Plaintiff Jelinek is not proper. Rule 25 of the Federal Rules of Civil Procedure governs the substitution upon the death of a party. In pertinent part, Rule 25 states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

Fed. R. Civ. P. 25(a)(1). Rule 25 does not provide for survival of rights or define whether the underlying claim survives a party's death. *Sloan v. Overton*, No. 08-2571-JAR-DRW, 2010

WL 398108, at *6 (D. Kan. Jan. 25, 2010).  Here, neither party addresses the issue of whether Plaintiff Jelinek's claims survive his death.  Consequently, the Court will proceed as if the parties both acknowledge Plaintiff Jelinek's claims survive his death and Rule 25 is applicable.  *Id.*

Given that Rule 25 applies, only a "proper party" may be substituted.  While Rule 25 does not explicitly define the term "proper party" it does direct that a motion for substitution may be made by a party or a by the decedent's successor or representative.  The Rule goes on to require that a motion to substitute must be served on parties as well as the nonparties. Fed. R. Civ. P. 25(a)(3).  Therefore, it is logical to conclude that a "proper party" for substitution under Rule 25(a) is the decedent's successor or representative.  *See Shell v. Henderson*, 622 F. App'x 730, 733 (10th Cir. 2015) (citing *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir.1952) ("Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it."); *Eckerman v. Wells Fargo Bank, N.A.*, No. 17-CV-02636-PAB-STV, 2018 WL 3219897, at *1 (D. Colo. June 29, 2018) ("Rule 25 does not identify the nonparties who must be served; however, courts in the Tenth Circuit have interpreted the rule to require the party suggesting death to serve that suggestion on the decedent's successors or representatives.") (internal quotations and citations omitted); *Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003*)* ("A 'proper party' for substitution under Rule 25(a)(1) is either (1) a successor of the deceased party—a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate.") (internal quotations and citations omitted); *Gilmore v.*

6

*Lockard*, No. 112CV00925NONESABPC, 2020 WL 3288417, at *2 (E.D. Cal. June 18, 2020) ("The rule [25] defines the 'proper party' for substitution as either the decedent's successor or representative.") (internal quotations and citations omitted); *Proctor v. Bd. of Cty. Comm'rs of Cty. of Pottawatomie*, No. CIV-07-654-M, 2009 WL 3614797, at *2 (W.D. Okla. Oct. 30, 2009) ("There is no United States Supreme Court or Tenth Circuit opinions directly on point on the issue of who may properly be substituted under Rule 25. Various district and circuit courts have been divided on this issue. Some courts only allow for the substitution of the legal representative. *See, i.e., Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir.1952). Other courts allow for the substitution of a 'distributee' of the decedent's estate if the decedent's estate has been distributed at the time the motion for substitution has been made. *See, i.e., Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y.2004).")

Here, Plaintiffs make no argument or assertion that either T.I. or Gregory Gurta are proper parties to stand in as substitutes for the deceased Plaintiff Jelinek. Further, there is no citation that would support the notion that T.I. or Gregory Gurta are proper parties as successors in interest or legal representatives of the deceased Plaintiff Jelinek under any potentially applicable choice of law. Rather, it appears Plaintiffs simply seek to add two new plaintiffs and two new defendants. Consequently, Plaintiffs' request to substitute a named plaintiff is denied.

### *Request to Amend*

A motion to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman*, 371 U.S. at 182. Plaintiffs' request to amend was made before the

deadline imposed by the Court's Initial Pretrial Order [Doc. 179].  Nevertheless, the Court finds Plaintiffs' request to add Gregory Gurta as a named Plaintiff and to add Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc. as defendants is unduly delayed.

Courts within the Tenth Circuit have a long line of cases standing for the proposition that undue delay is a valid reason for denying a motion to amend.  *See e.g., Foman*, 371 U.S. at 182 (1962); *Spreitzer v. Deutsche Nat. Trust. Co.*, No. 14–8023, 2015 WL 1786925 at * 2-3 (10th Cir. April 21, 2015); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205–06 (10th Cir. 2006); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993); *Castleglen, Inc.,* 984 F.2d at 1585.  In *Minter*, the Tenth Circuit addressed the difference between "lateness" and "undue delay" stating:

> [A] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. [6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990)]. The longer the delay, the more likely the motion to amend will be denied, as protracted delay with its attendant burdens on the opponent and the court, is itself a sufficient reason to withhold permission to amend. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

*Minter*, 451 F.3d at 1205.  Instead of focusing on "delay" or "lateness," courts deciding this issue look to the moving party's explanation of the delay to determine whether the delay was undue.  *Id*. at 1206.

There is no question Plaintiffs were well aware of Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc. and the two entities' connection to the current Defendants before this action was initiated.  Plaintiffs' original Complaint [Doc. 1] outlines the relationship between Mount Carmel Youth Ranch, Triangle Cross Ranch, Inc. and the named Defendants in much the same terms as those outlined in this Motion.

> This is an action brought by and on behalf of human trafficking victims the troubled teen industry. Defendants Gerald ("Jerry") Schneider and Michaeleen P. Schneider (hereinafter "Defendant Triangle Owners") have owned the property now operated as the Triangle Cross Ranch, Inc. (hereinafter the "Triangle Ranch" or "TCR") since 1973. The Triangle Ranch is advertised as a fifty thousand (50,000) acre working ranch with over one thousand (1,000) head of cattle which is believed to cross state lines between Wyoming and Montana. Defendant Triangle Owners founded Mount Carmel Youth Ranch (hereinafter "Mount Carmel"), a Wyoming nonprofit corporation, which operated at the same location to provide group home licensed services to troubled teens. When the Mount Carmel board of directors decided to close the facility and turn in their license in November 2012, Defendant Triangle Owners wanted to "continue the good work that had been going on at Mount Carmel,"[1] so in December 2012, Defendant Triangle Owners applied to the Wyoming Department of Family Services (hereinafter "DFS") for a license in the name of Triangle Cross.  That application process closed March 6, 2013, due to the Defendant Triangle Owners failure to provide the necessary information for its completion to DFS. Defendant Triangle Owners operated the Triangle Cross Ranch for nearly two (2) years without a license as required by Wyoming law until the Wyoming Supreme Court enjoined Defendant Triangle Owners from continuing to operate the Triangle Ranch. *See Triangle Cross Ranch, Inc. v. State,* 2015 WY 47, ,I 21, 345 P. 890, 895 (Wyo. 2015). DFS allegedly received information that Defendant Triangle Owners were operating the Triangle Ranch without the appropriate license and sent a cease and desist letter to Defendant Triangle Owners on July 27, 2013.  Upon information and belief, Defendant Gerald Schneider informed DFS on August 27, 2013, that Defendant Triangle Owners relocated all operations related to minor children to portions of the ranch located in Montana to avoid Wyoming State certification and regulatory oversight rather than obtain the proper certifications in Wyoming. Defendant Triangle Owners re-opened the Triangle Ranch in Wyoming in 2018 under the guise of a Wyoming group home and began continuing their pattern of systematic abuse and exploitation of delinquent teenage boys for their labor.

Plaintiffs' Class Action Complaint, ECF No. 1, Nov. 25, 2020, at ¶ 3.

Similarly, Plaintiffs knew or should have known of Gregory Gurta and the allegations regarding his time spent at Triangle Cross Ranch long before the filing of the instant Motion to Amend.  Plaintiffs' Motion is void of any reasoning or justification for why Gregory Gurta was not or could not have been named as a Plaintiff in the Complaint or the First Amended Complaint [Doc. 106] filed on February 12, 2021.  Plaintiffs' only statement regarding the

issue is that: "At this time, it is uncertain if Gregory Gurta was forced to conduct labor for both Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc. as Mount Carmel Youth Ranch did not become officially inactive until July 9, 2018." Plaintiffs' Opposed Motion to Substitute and Amend, Mar. 3, 2022, ECF No. 181 at ¶ 19.

However, as alleged in Plaintiffs' proposed second amended complaint, Gregory Gurta was a resident at Triangle Ranch from the spring of 2012 until 2015. This time frame is well before Plaintiffs filed the original Complaint in November of 2020. Further, Gregory Gurta resided at the Triangle Ranch during the same time as Plaintiff Scavuzzo. Defendants assert that Plaintiffs knew or should have known of Gregory Gurta's claims from at least the filing of the First Amended Complaint because Plaintiffs allege Gregory Gurta is a witness to the branding of Plaintiff Scavuzzo as alleged in the First Amended Complaint.[1]

Plaintiffs were aware of Gregory Gurta and of the relationship between Mount Carmel Youth Ranch, Triangle Cross Ranch, Inc., and the current Defendants from at least the filing of the First Amended Complaint. For whatever reason, Plaintiffs did not name Gregory Gurta as a plaintiff or name Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc. as defendants. The deciding issue is whether the delay in seeking to amend is undue considering Plaintiffs' underlying explanation. *See Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay."). Plaintiffs offer no explanation or justification for the delay in waiting nearly seventeen months from the filing of the original Complaint and fourteen months from the filing of the First Amended Complaint to seek

---

[1] While the Court cannot independently verify this statement in the complex records of this case, the assertion is not refuted because Plaintiffs failed to file a reply.

permission to add Gregory Gurta as a Plaintiff and name Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc. as defendants. Plaintiffs knew or should have known of this information and the relationships between the parties and entities by, at the latest, the filing of the First Amended Complaint. Nothing has been presented to show why Plaintiffs could not and should not have sought to amend earlier to add Gregory Gurta, Mount Carmel Youth Ranch, and Triangle Cross Ranch, Inc. as parties to this action. *See State Distrib., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (Courts may refuse leave to amend if a plaintiff knew or should have known of the facts upon which the proposed amendment is based but failed to include them in the original complaint.).

<u>Request to Add T.I. as a Plaintiff</u>

However, the same undue delay analysis is not applicable to the proposed plaintiff T.I. T.I. was a resident at the Triangle Ranch from January to March of 2021. During this time the Triangle Ranch was run and operated by current Defendant Triangle Cross Ranch, LLC. Plaintiffs could not and did not know of T.I's allegations against the current Defendants until after the First Amended Complaint was filed in February of 2021. Consequently, there is no undue delay in seeking to add T.I. as a plaintiff in this action.

Defendants also argue allowing T.I. to be added as a plaintiff would cause undue prejudice. The party opposing a request to amend, "bears the burden to demonstrate undue prejudice within the meaning of Rule 15." *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 645 (D. Kan. 2017) (internal quotations and citations omitted). Undue prejudice has been defined as "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant." *Id*. The Court has already denied Plaintiffs' request to add Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc. as

defendants. This preclusion includes any claims brought by T.I. Plaintiffs have not shown or alleged how T.I.'s stay in 2021 relates in any way to Mount Carmel Youth Ranch or the Triangle Cross Ranch, Inc.

Therefore, the Court finds allowing the addition of T.I. as a plaintiff with claims only against the current named Defendants would cause little prejudice. There is no question Defendants have spent a great deal of time and resources via motions to dismiss and allowing Plaintiffs to add T.I. will cause Defendants to spend more time and resources by answering the second amended complaint or by filing additional motions. However, the fact that allowing an amendment would cause a party to expend additional time and resources is not by itself sufficient justification to deny a motion to amend a complaint. *Id.* ("While any amendment invariably causes some practical prejudice, undue prejudice means that the amendment would work an injustice to the defendants."). Further, while the time frames the current Plaintiffs and T.I. resided at the Triangle Ranch are years apart, confining claims to those against the current Defendants will not unduly expand the scope of the case. Defendants will have every opportunity to defend against all claims and allegations, including those asserted by T.I. *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV-ADM, 2019 WL 4060835, at *5 (D. Kan. Aug. 28, 2019) ("the fact that a party must defend against new or better-pleaded claims does not equate to undue prejudice").

## Conclusion

The grant or denial of leave to amend is within the sound discretion of the court. *T.V. Communications, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir. 1992). However, according to the Tenth Circuit Court of Appeals, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing

12

party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility the amendment." *Frank*, 3 F.3d at 1365.

Plaintiffs do not provide any justification for the delay in seeking to amend. Plaintiffs knew or should have known of Gregory Gurta, Mount Carmel Youth Ranch, and Triangle Cross Ranch, Inc. well before the filing of the First Amended Complaint. "There is no suggestion of newly discovered evidence or surprise that may explain the delay in asserting" the new causes of action and naming of new parties. *Hindbaugh v. Bd. of Cty. Comm'rs of Washita Cty.*, No. CIV-06-1240-C, 2008 WL 2944924, at *1 (W.D. Okla. July 24, 2008). Plaintiffs failed to provide any explanation for the delay and "[u]ntimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay." *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (citing Frank, 3 F.3d at 1365-66). Therefore, the Court finds the delay is undue in regard to Plaintiffs' request to add Gregory Gurta, Mount Carmel Youth Ranch, and Triangle Cross Ranch, Inc.

However, there is no such undue delay in seeking to name T.I. as a plaintiff and there is no undue prejudice in allowing T.I.'s claims against the current Defendants. Defendants will have every opportunity to defend against T.I.'s claims.

NOW, THEREFORE, IT IS ORDERED Plaintiffs' Motion to Substitute Named Plaintiff and For Leave to Amend Complaint [Doc. 181] is Granted in part and Denied in Part.

IT IS FURTHER ORDERED Plaintiffs' request to substitute or amend to add Gregory Gurta, Mount Carmel Youth Ranch, and Triangle Cross Ranch, Inc. as parties to this action is DENIED.

IT IS FURTHER ORDERED Plaintiffs' request to amend to add T.I. as a plaintiff with claims against the existing Defendants is GRANTED, and Plaintiffs may file a second amended complaint in compliance this Order on or before May 3, 2022.

Dated this 27th day of April, 2022.

_____
Kelly H. Rankin
U.S. Magistrate Judge