IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **ANDREW SCAVUZZO** and **H.I.**, as Parent and Next Friend of **T.I.**, on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>**TRIANGLE CROSS RANCH, LLC**, a Wyoming limited liability corporation; **GERALD E. SCHNEIDER**; **MICHAELEEN P. SCHNEIDER**; **MATHEW SCHNEIDER**; **MARK SCHNEIDER**; **THOMAS GEORGE;** and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY**, a Texas corporation;<br><br>DEFENDANTS. | Case No. 1:20-CV-00215-SWS<br><br>**DEFENDANT SOLT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

COMES NOW the Defendant, Society of Our Lady of the Most Holy Trinity ("SOLT") and hereby serves its Answer to Plaintiffs' Second Amended Complaint. In support of its Answer, SOLT hereby states the following:

## NATURE OF THE ACTION

1. Paragraph 1 of Plaintiffs' Second Amended Complaint does not contain any factual allegations specific to this case which requires a response. To the extent an answer is required, SOLT denies the same.

2. Paragraph 2 of Plaintiffs' Second Amended Complaint does not contain any factual allegations specific to this case which requires a response. To the extent an answer is required, SOLT denies the same.

1

3. SOLT has no knowledge of the allegations in paragraph 3 of Plaintiffs' Second Amended Complaint, including footnotes 1-2, and therefore must deny the same.

4. SOLT has no knowledge of the allegations in paragraph 4 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

5. SOLT has no knowledge of the allegations in paragraph 5 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

6. SOLT has no knowledge of the allegations in paragraph 6 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

7. SOLT has no knowledge of the allegations in paragraph 7 of Plaintiffs' Second Amended Complaint, including footnote 3, and therefore must deny the same.

8. SOLT has no knowledge of the allegations in paragraph 8 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

9. SOLT has no knowledge of the allegations in paragraph 9 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

10. SOLT has no knowledge of the allegations in paragraph 10 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

11. SOLT has no knowledge of the allegations in paragraph 11 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

12. SOLT has no knowledge of the allegations in paragraph 12 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

13. SOLT denies the allegations in paragraph 13 of Plaintiffs' Second Amended Complaint that it profited or knowingly benefitted from participation in a venture which it knew or

should have known was unlawful. With respect to the remaining allegations contained in paragraph 13, SOLT has no knowledge and therefore must deny the same.

## SUBJECT MATTER JURISDICTION AND VENUE

14. SOLT admits the allegations in paragraph 14 of Plaintiffs' Second Amended Complaint with respect to original jurisdiction and deny the remainder of the allegations in that paragraph.

15. SOLT admits the allegations in paragraph 15 of Plaintiffs' Second Amended Complaint with respect to proper venue and deny the remainder of the allegations in that paragraph.

## THE PARTIES AND PERSONAL JURISDICTION

16. SOLT has no knowledge of the allegations in paragraph 16 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

17. SOLT has no knowledge of the allegations in paragraph 17 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

18. SOLT has no knowledge of the allegations in paragraph 18 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

19. SOLT has no knowledge of the allegations in paragraph 19 of Plaintiffs' Second Amended Complaint, including footnote 4, and therefore must deny the same.

20. SOLT has no knowledge of the allegations in paragraph 20 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

21. SOLT has no knowledge of the allegations in paragraph 21 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

22. SOLT has no knowledge of the allegations in paragraph 22 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

23. SOLT has no knowledge of the allegations in paragraph 23 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

24. SOLT has no knowledge of the allegations in paragraph 24 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

25. SOLT admits that it is a Texas corporation with its principal place of business in Robstown, Texas and allegations with respect to where to service it. SOLT denies the remainder of the remainder of the allegations contained in paragraph 25 of Plaintiffs' Second Amended Complaint.

26. SOLT admits that the Court has jurisdiction over it and denies the remaining allegations in paragraph 26 of Plaintiffs' Second Amended Complaint.

## FACTUAL ALLEGATIONS

27. SOLT has no knowledge of the allegations in paragraph 27 of Plaintiffs' Second Amended Complaint, including footnotes 6-8, and therefore must deny the same.

28. SOLT admits that Defendant Thomas George was a member of the SOLT Lay Association. SOLT denies the remainder of the allegations contained in paragraph 28 of Plaintiffs' Second Amended Complaint.

29. SOLT has no knowledge of the allegations in paragraph 29 of Plaintiffs' Second Amended Complaint, including footnote 9, and therefore must deny the same.

30. SOLT has no knowledge of the allegations in paragraph 30 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

31. SOLT has no knowledge of the allegations in paragraph 31 of Plaintiffs' Second Amended Complaint, including footnote 10, and therefore must deny the same.

32. SOLT has no knowledge of the allegations in paragraph 32 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

33. SOLT has no knowledge of the allegations in paragraph 33 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

34. SOLT has no knowledge of the allegations in paragraph 34 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

35. SOLT has no knowledge of the allegations in paragraph 35 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

36. SOLT has no knowledge of the allegations in paragraph 36 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

37. SOLT has no knowledge of the allegations in paragraph 37 of Plaintiffs' Second Amended Complaint, including subparagraphs (a) through (i), and therefore must deny the same.

38. SOLT has no knowledge of the allegations in paragraph 38 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

39. SOLT has no knowledge of the allegations in paragraph 39 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

40. SOLT has no knowledge of the allegations in paragraph 40 of Plaintiffs' Second Amended Complaint, including subparagraphs (a) through (h) and therefore must deny the same.

41. Paragraph 41 of Plaintiffs' Second Amended Complaint does not contain any factual allegations and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

42. SOLT has no knowledge of the allegations in paragraph 42 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

43. SOLT has no knowledge of the allegations in paragraph 43 of Plaintiffs' Second Amended Complaint, including subparagraphs (a) through (g) and therefore must deny the same.

44. SOLT has no knowledge of the allegations in paragraph 44 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

45. SOLT has no knowledge of the allegations in paragraph 45 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

46. SOLT has no knowledge of the allegations in paragraph 46 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

47. SOLT has no knowledge of the allegations in paragraph 47 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

48. SOLT has no knowledge of the allegations in paragraph 48 of Plaintiffs' Second Amended Complaint and therefore must deny the same.

49. SOLT has no knowledge of the allegations in paragraph 49 of Plaintiffs' Second Amended Complaint, including subparagraphs (a) through (g) and footnote 11, and therefore must deny the same.

50. SOLT denies the allegations in paragraph 50 of Plaintiffs' Second Amended Complaint.

51. SOLT denies the allegations in paragraph 51 of Plaintiffs' Second Amended Complaint.

52. SOLT denies the allegations in paragraph 52 of Plaintiffs' Second Amended Complaint.

53. SOLT denies the allegations in paragraph 53 of Plaintiffs' Second Amended Complaint.

54. SOLT denies the allegations in paragraph 54 of Plaintiffs' Second Amended Complaint.

55. SOLT denies the allegations in paragraph 55 of Plaintiffs' Second Amended Complaint.

56. Paragraph 56 of Plaintiffs' Second Amended Complaint does not contain any allegations and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

## CLASS ACTION ALLEGATIONS

57. SOLT denies the allegations in paragraph 57 of Plaintiffs' Second Amended Complaint.

58. SOLT denies the allegations in paragraph 58 of Plaintiffs' Second Amended Complaint.

59. SOLT denies the allegations in paragraph 59 of Plaintiffs' Second Amended Complaint.

60. SOLT denies the allegations in paragraph 60 of Plaintiffs' Second Amended Complaint, including subparagraphs (i)-(iv).

61. SOLT denies the allegations in paragraph 62 of Plaintiffs' Second Amended Complaint, including subparagraphs (i)-(vi).

62. SOLT denies the allegations in paragraph 62 of Plaintiffs' Second Amended Complaint.

63. SOLT denies the allegations in paragraph 63 of Plaintiffs' Second Amended Complaint.

64. SOLT has no knowledge of the allegations in paragraph 64 of Plaintiffs' Second Amended Complaint, including subparagraphs (a) through (c), and must therefore deny the same.

65. SOLT denies the allegations in paragraph 65 of Plaintiffs' Second Amended Complaint.

## CAUSES OF ACTION

66. Paragraph 66 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must therefore deny the same. SOLT incorporates its responses to Paragraphs 1-65 herein.

67. Paragraph 67 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

68. Paragraph 68 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

69. Paragraph 69 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

70. Paragraph 70 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

71. Paragraph 71 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

72. Paragraph 72 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

73. Paragraph 73 of Plaintiffs' Second Amended Complaint does not contain any allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same. SOLT incorporates its responses to Paragraphs 1-72 herein.

74. Paragraph 74 of Plaintiffs' Second Amended Complaint does not contain any factual allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT has no knowledge and must deny the same.

75. SOLT denies the allegations in paragraph 75 of Plaintiffs' Second Amended Complaint.

76. SOLT denies the allegations in paragraph 76 of Plaintiffs' Second Amended Complaint.

77. SOLT denies the allegations in paragraph 77 of Plaintiffs' Second Amended Complaint.

78. Paragraph 78 of Plaintiffs' Second Amended Complaint does not contain any factual allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT denies the same. SOLT incorporates its responses to Paragraphs 1-77 herein.

79. Paragraph 79 of Plaintiffs' Second Amended Complaint does not contain any factual allegations against SOLT and does not require a reply. To the extent that a reply is required, SOLT denies the same.

80. SOLT denies the allegations in paragraph 80 of Plaintiffs' Second Amended Complaint.

81. SOLT denies the allegations in paragraph 81 of Plaintiffs' Second Amended Complaint.

82. SOLT denies the allegations in paragraph 82 of Plaintiffs' Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

83. Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

84. Plaintiffs failed to mitigate their damages.

85. Plaintiffs' damages, in whole or in part, were caused by Plaintiffs' own actions or actions of third parties over which SOLT had no control and for which SOLT is not responsible.

86. Plaintiffs' claims may be barred by applicable statutes of limitation.

87. No acts or omissions by SOLT were the proximate cause of Plaintiffs' alleged damage or loss.

88. Plaintiffs may not be the real party in interest to some or all of the claim in question as Plaintiff's parents may have paid treatment fees.

89. Plaintiffs, individually or through their parents, consented to the work alleged by executing a waiver agreement.

90. SOLT incorporates by reference all affirmative defenses pled by other Defendants.

91. SOLT reserves the right to amend its Answer to assert additional affirmative defenses.

## JURY DEMAND

SOLT demands a trial by jury on all issues so triable.

WHEREFORE SOLT, having answered Plaintiffs' First Amended Complaint in full, respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint with prejudice.

Dated this 17th day of May, 2022.

SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, Defendant,

By: ____/s/ Jane M. France_____
Jane M. France WSB #7-4828
Sundahl, Powers, Kapp & Martin, LLC
2020 Carey Ave, Ste 301
P.O. Box 328
Cheyenne, WY 82001
(307) 632-6421 (office)
(307) 632-7216 (fax)
jfrance@spkm.org
*Attorney for Defendant Society of Our Lady of the Most Holy Trinity*

By:    */s/MaKenna J. Stoakes*
Patrick J. Sodoro, *appearing pro hac vice*
MaKenna J. Stoakes, *appearing pro hac vice*
Sodoro Law Group
13924 Gold Circle
Omaha, Nebraska 68144
(402) 504-9346 (office)
(402) 932-1662 (fax)
psodoro@smllawoffice.com
mstoakes@smllawoffice.com
*Attorneys for Defendant Society of Our Lady of the Most Holy Trinity*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served by filing with Pacer CM/ECR which sent copies on this 17th day of May, 2022 to all attorneys of record.

   */s/ Alexandra Plymale*