Monty L. Barnett, # 6-2694
Rachel E. Ryckman, # 7-4656
Keith R. Olivera (*Pro Hac Vice*)
John C. Matthews (*Pro Hac Vice*)
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202-5406
Telephone: (303) 296-2828
mbarnett@wsteele.com
rryckman@wsteele.com
kolivera@wsteele.com
jmatthews@wsteele.com

ATTORNEYS FOR DEFENDANTS
TRIANGLE CROSS RANCH, LLC
GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER
MATHEW SCHNEIDER; MARK SCHNEIDER and THOMAS GEORGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **ANDREW SCAVUZZO and H.I. as Parent and Next Friend of T.I., on behalf of themselves and all similarly situated persons,** ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:20-CV-215-SWS |
| **v.** ) ) | |
| **TRIANGLE CROSS RANCH, LLC,** a Wyoming Limited liability corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; MATTHEW SCHNEIDER; MARK SCHNEIDER; THOMAS GEORGE;** and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY,** a Texas corporation., ) ) ) ) ) ) ) | |
| Defendants. | |

**THE TCR DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Triangle Cross Ranch, LLC ("TCR, LLC"), Gerald Schneider, Michaeleen Schneider, Matthew Schneider, Mark Schneider, and Thomas George (collectively, the "TCR Defendants"), through undersigned counsel, submit the following Brief in Support of their Motion to Dismiss the Plaintiffs' Second Amended Complaint:

### I. INTRODUCTION

Plaintiffs filed this action nearly eighteen months ago claiming that a series of mostly unrelated individuals and entities engaged in a widespread conspiracy to profit from the forced labor of young men and women who attended residential treatment programs in Northern Wyoming. In response to motions to dismiss filed by all defendants, the Plaintiffs offered an Amended Complaint seeking to address those deficiencies. The defendants then renewed their motions to dismiss and, in the resulting orders, the Court dismissed the RICO claims asserted against all defendants with prejudice, dismissed many of the defendants entirely, but allowed certain Forced Labor claims to proceed against the TCR Defendants and certain other defendants affiliated with a nearby ranch that catered to a female clientele. Subsequently, the Court granted the defendants' unopposed motion to sever creating two separate lawsuits: one involving the claims by the male plaintiffs against the TCR Defendants and Society of Our Lady of the Most Holy Trinity ("SOLT"), and another involving the claims by the female plaintiffs against the TTS Defendants who operate Trinity Teen Solutions. Thus, the instant case involves only a very limited subset of the claims initially at issue.

Recognizing that the remaining claims still had fatal deficiencies, Plaintiffs filed a motion seeking leave to file another amended complaint adding two additional defendants and two new plaintiffs. Those two new proposed defendants were entities that had owned or operated the treatment programs offered at the Triangle Cross Ranch for certain periods prior to 2018. The Court denied that motion with respect to those proposed defendants because, in part, Plaintiffs "knew or should have known of . . . Mount Carmel Youth Ranch, and Triangle Cross Ranch, Inc. well before the filing of the First Amended Complaint." ECF 190 at 13. Accordingly, the only corporate entity named in the Second Amended Complaint ("SAC") is TCR, LLC.

The Court did permit Plaintiffs to add a new named plaintiff to the action, minor T.I. who attended the Triangle Cross Ranch treatment program operated by TCR, LLC in 2021 and denied their request to add Gregory Gurta as an additional party. ECF 190 at 13. In the SAC, Plaintiffs dropped Ethan Jelinek as a named plaintiff but still included Andrew Scavuzzo as a named party. The SAC contains certain new allegations concerning Scavuzzo and his time at Triangle Cross Ranch, such as an admission that the program was operated by Mount Carmel Youth Ranch—and not Defendant TCR, LLC. In total, the instant action includes two named plaintiffs, the TCR Defendants, and SOLT and encompasses three claims against the TCR Defendants[1] that are collectively referred to as the "Forced Labor" claims.

Despite having multiple attempts to revise their allegations, Plaintiffs are still offering a Complaint that has fatal deficiencies that requires the dismissal of many of the Plaintiffs' claims against certain of the TCR Defendants. As an initial matter, Scavuzzo seeks to assert a claim against TCR, LLC, an entity that was formed in 2018—more than 6 years after he left the treatment program in 2012. However, Scavuzzo cannot plausibly assert a claim against an entity that did

---

[1] Count I is not asserted against Defendant Tom George. However, Tom George is named in Counts II and III.

not come into existence until six years after his alleged injury occurred and, accordingly, that claim is deficient on its face.

Further, Scavuzzo seeks to bring claims against Matthew Schneider, Mark Schneider and Michaeleen Schneider without alleging a single action by any of those parties directed towards him—let alone an action that actually caused an injury. With respect to Mark and Matthew Schneider, the Complaint contains no allegations tying either brother to Scavuzzo or any of the activity at the Triangle Cross Ranch during the four months he attended the treatment program. At most, it offers a conclusory statement that the brothers somehow benefitted from the forced labor without any corresponding factual support. Such an unsubstantiated conclusory statement cannot support a claim.

Similarly, Scavuzzo offers no allegations whatsoever suggesting that Michaeleen Schneider had any interaction with Scavuzzo or caused any harm to Scavuzzo. Indeed, Plaintiffs do not contend that Ms. Schneider took any action at all, other than purchasing the Triangle Cross Ranch with her husband decades ago. Accordingly, Scavuzzo's claim against Ms. Schneider fails as a matter of law.

Many of newly added plaintiff T.I.'s claims fare no better. Similar to Scavuzzo, T.I. does not offer any allegations that he had any contact whatsoever with Mark Schneider and Matthew Schneider or that either party profited from his conduct. T.I. also does not—because he cannot[2]— allege that he had any contact with Ms. Schneider, let alone that Ms. Schneider committed any wrongful action towards him. Further, T.I. does not allege that he had any contact with Tom George or performed any work for any of Tom George's businesses. Accordingly, T.I.'s claims

---

[2] Ms. Schneider has suffered from Alzheimer's Disease for many years and her affairs are currently managed through a power of attorney, executed on July 3, 2002.

Page **3** of **16**

against Matthew Schneider, Mark Schneider, Michaeleen Schneider, and Tom George are not supported by a single factual allegation. Thus, all such claims should be dismissed in their entirety.

Plaintiffs' failure to assert viable claims against many of the named Defendants—despite having multiple opportunities to amend their complaint—confirms that the claims they asserted cannot and should not be subject to further amendment. As such, the TCR Defendants assert that all such claims be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

Gerald and Michaeleen Schneider purchased the Triangle Cross Ranch in 1997. *See* Second Am. Compl. ¶ 3, May 3, 2022, ECF 191 [hereinafter ECF 191]. The Ranch is located in Clark, Wyoming, a town in Northern Wyoming close to the Montana border. *See* ECF 191 ¶ 3. From 2018 to present, Defendant TCR, LLC has operated a therapeutic boarding program at the Triangle Cross Ranch. *See* ECF 191 ¶ 19. Prior to that time, Mount Carmel Youth Ranch and Triangle Cross Ranch, Inc.—two entities who are not named as defendants in this action—also operated a boarding program. *See* ECF 191 ¶ 3. However, the programs offered different treatment programs, different housing options, and had different employees. *See* ECF 191 ¶¶ 36-38, 42-43. At certain periods, Gerald Schneider's sons, Matthew Schneider and Mark Schneider, as well as his son-in-law, Thomas George, worked for one of the boarding programs. *See* ECF 191 ¶¶ 22-24. Michaeleen Schneider did not work for any program in the last decade because she has been suffering from Alzheimer's disease since that time and her affairs are controlled through a power of attorney executed well before any plaintiff arrived at Triangle Cross Ranch.

TCR LLC's program offers parents a place to send their teenage sons with severe issues such as histories of alcohol and drug abuse for an intense, but beneficial treatment programs. *See*

ECF 191 ¶ 3.  As part of that program, in addition to counseling, treatment, and education, the boys participated in daily ranch chores such as feeding, grooming, and caring for the livestock (including the less desirable task of shoveling manure), and maintaining equipment and buildings.  *See* ECF 191 ¶ 37.  If a resident of TCR, LLC refused to perform the chores, he might be required to perform additional chores or otherwise be subject to discipline.  *See* ECF 191 ¶ 31.

Residents were brought to TCR, LLC by their parents or guardians and the parents and guardians consented to their sons' attendance by paying thousands of dollars in monthly fees to TCR.  *See* ECF 191 ¶ 3, n.2.  In some instances, likely because of the difficulty of bringing a troubled teen to a place where they could get the help they needed, the parents may have used a third-party to bring the teenagers to TCR, LLC.  *See* ECF 191 ¶ 6.  While they were residents of TCR, LLC, the teenagers were able to communicate with their parents by letters and telephone calls.  *See* ECF 191 ¶ 12.  While TCR, LLCrequired the residents to complete a certain level of growth in order to finish the program, the parents of those residents could withdraw their teenager at any time and stop paying the monthly fees to TCR, LLC.  *See generally* ECF 191 ¶¶ 6, 11.

Scavuzzo attended a treatment program at the Triangle Cross Ranch for a period of three months between April and July 2012, when it was operated by Mount Carmel Youth Ranch.  ECF 191 ¶ 36.  Thus, his treatment concluded more than six years before TCR, LLC. was founded in 2018.  Scavuzzo does not allege that he had any contact whatsoever with Michaeleen Schneider, Matthew Schneider, or Mark Schneider.  *See* ECF 191 ¶¶ 36-40.  He does assert that he was forced to perform chores against his will, he was threatened with punishment if he failed to complete those chores, and an unspecified employee of Mount Carmel Youth Ranch branded his arm with a large cross. [3]  *See* ECF 191 ¶¶ 36-40.

---

[3] Scavuzzo contends that he was "branded" by two unidentified staff members as part of an initiation required to reach adult-level.  As a threshold matter, Scavuzzo does not claim that the alleged branding was done to induce him to

T.I. attended a treatment program operated by TCR LLC between January and March of 2021. ECF 191 ¶ 42. T.I. contends that, while at the program, he suffered an injury and did not receive appropriate treatment (despite emails confirming the falsity of that allegation) and that he was bullied over a gift card. *See* ECF 191 ¶¶ 45-47. T.I. does not allege that he ever encountered Michaeleen Schneider, Thomas George, Matthew Schneider or Mark Schneider, let alone that any of those individuals engaged in any wrongful conduct towards him.

Based on those allegations, TI and Scavuzzo assert claims for purported violations of certain forced labor statutes (counts 1, 2, and 3) against all the TCR Defendants. *See generally* ECF 191 ¶¶ 66-82.

### III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Plausibility" refers to "the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The allegations of a complaint must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

A complaint "must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

---

perform chores or as a punishment for not completing chores and thus it is irrelevant to the Forced Labor claims. Moreover, Scavuzzo provides no details in the Complaint to support his contention that the branding was conducted as opposed to something he did himself in an attempt to impress his fellow campers and without any involvement of an employee or ranch employees.

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (first alteration added, second alteration in original). A court ruling on a motion to dismiss "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). These standards apply to a plaintiff's claims, no matter their nature. *See, e.g.*, *Sinclair Wyoming Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 764-65 (10th Cir. 2021) (standards applied to breach of contract, negligence, and strict products liability claims).

## IV.     ARGUMENT

Plaintiffs Scavuzzo and T.I. make sweeping allegations against the TCR Defendants alleging that those parties forced the two individuals to perform farm chores against their will during their respective stays at the Triangle Ranch. However, a closer review of those claims confirms that both Plaintiffs fail to make specific allegations against many of the TCR Defendants to support those allegations. Specifically, Plaintiff Scavuzzo fails to make any allegations suggesting that Defendants TCR, LLC, Matthew Schneider, Mark Schneider, or Michaeleen Schneider engaged in any wrongful conduct. Similarly, Plaintiff T.I. fails to make any allegations suggesting that Defendants Tom George, Matthew Schneider, Mark Schneider, or Michaeleen Schneider engaged in wrongful conduct. Accordingly, all such claims should be dismissed. As this is Plaintiffs' third attempt to assert a viable claim—and they have still failed to do so against most of the TCR Defendants—those claims should be dismissed with prejudice.

**A.      Plaintiff Scavuzzo's claims against TCR, LLC fail as a matter of law because TCR, LLC was not formed until six years after Scavuzzo allegedly suffered his injury.**

Plaintiff Scavuzzo asserts claims against TCR, LLC in each of his Forced Labor counts alleging, in short, that TCR, LLC knowingly obtained and benefited from the "forced labor" of Plaintiff Scavuzzo.  Such a claim is deficient on its face because TCR, LLC was not in existence at the time such conduct allegedly occurred.

Scavuzzo contends that he attended a program at the Triangle Cross Ranch "from April 8, 2012 until July 4, 2012, when it was operated by Defendant Mount Carmel Youth Ranch." ECF 191 ¶ 36.  He further alleges that, while he was a participant in that program, he was forced to complete a series of farm chores as part of his treatment under the threat of being subjected to additional labor or substandard living conditions.  ECF 191 ¶¶ 37, 40.  Thus, all of the alleged wrongful conduct at issue would have allegedly occurred in the summer of 2012.

Scavuzzo names TCR, LLC as a defendant in each of his three claims.  However, as the Complaint concedes, TCR, LLC "was formed on July 9, 2018[4]"—more than six years after Scavuzzo left the Triangle Cross Ranch.  ECF 191 ¶ 19.  Thus, TCR, LLC could not have been responsible for any of the alleged wrongful conduct that occurred in 2012.  As such, each of Scavuzzo's three claims against TCR, LLC should be dismissed with prejudice.

**B.      Plaintiff Scavuzzo has not made a single factual allegation that Matthew Schneider or Mark Schneider engaged in any wrongful conduct.**

Plaintiff Scavuzzo also brings each of his three claims against Defendants Matthew Schneider and Mark Schneider.  However, the Complaint is devoid of a single allegation that either

---

[4] Plaintiffs contend that TCR, LLC operated without a license from 2012-2018—likely because they realize the deficiency of their claim.  However, a conclusory allegation that an entity was operating without a license at a time prior to it even being formed is incredulous on its face and insufficient to support a cause of action. ECF 191 ¶ 19, n.4.

brother had any contact with Scavuzzo whatsoever, let alone that either brother engaged in any wrongful conduct directed towards Scavuzzo or benefited from such conduct.

With respect to Mark Schneider, the Complaint contains a total of four allegation:

1) Mark Schneider is the son of Gerald Schneider. ECF 191 ¶ 23.

2) Mark Schneider may be served with process at 423 Road 1AF, Powell, WY 82435. ECF 191 ¶ 23.

3) He is the Ranch Manager at Triangle Ranch. ECF 191 ¶ 23.

4) Mark Schneider [and his brother] became active employees of Triangle Ranch and at all times benefitted from the forced labor and human trafficking executed by Defendant TCR, LLC.  ECF 191 ¶ 35.

Indisputably, the first two allegations offer no basis for any claim against Mark Schneider as they merely address family relationships and where he can be served.  Similarly, the third allegation merely states that Mark Schneider was an employee at the Triangle Cross Ranch[5] at some unspecified period.  It does not contain any allegation that Mr. Schneider had any contact with or role in the treatment of Scavuzzo or received any purported benefit from Scavuzzo's alleged labor.  Perhaps recognizing these issues, the Plaintiffs added the fourth conclusory allegation to the SAC.  However, such a conclusory allegation—without any factual support whatsoever, is insufficient to support a claim. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do").

With respect to Matthew Schneider, the Complaint also contains a total of four allegations:

---

[5] Plaintiffs' complaint seeks to lump together three distinct entities—(1) Mount Carmel Youth Ranch; (2) Triangle Cross Ranch, Inc.; and (3) Triangle Cross Ranch, LLC—into the heading "TCR" in an attempt to disguise the fact that that it is seeking redress for conduct that allegedly occurred at entities that are not named defendants.  Relatedly, Plaintiffs use the term "Triangle Ranch" to refer to any activity at the location, regardless of who was operating the Ranch at the time, which obscures whether any allegations actually pertain to conduct that occurred in the very limited window when Defendant TCR, LLC operated the treatment program.

1) Matthew Schneider is the son of Gerald Schneider.  ECF 191 ¶ 22.

2) Matthew Schneider may be served with process at 423 Road 1AF, Powell, WY 82435 or 402 Road 8VE, Powell, WY 82435.  ECF 191 ¶ 22.

3) Matthew Schneider is the Program Director and co-founder at both Mount Carmel Youth Ranch and at Triangle Ranch. ECF 191 ¶ 22.

4) Matt Schneider [and his brother] became active employees of Triangle Ranch and at all times benefitted from the forced labor and human trafficking executed by Defendant TCR, LLC.  ECF 191 ¶ 35.

The first two innocuous allegations cannot support a cause of action against Matt Schneider as they simply pertain to his father's identity and address for service.  Similarly, the third allegation regarding Schneider being a Program Director and co-founder for Mount Carmel Youth Ranch and Triangle Ranch does not support any claim against Scavuzzo.  Indeed, glaringly absent from that allegation is any fact suggesting that Matt Schneider interacted with Scavuzzo, participated in Scavuzzo's treatment, or benefited from Scavuzzo's labor.  Last, the conclusory allegation that he was an "active employee" and somehow "benefitted from the forced labor" cannot salvage Scavuzzo's deficient claims.  *See Twombly*, 550 U.S. at 555; *Houska v. Newkota Servs. & Rentals*, No. 20-CV-68-SWS, 2020 U.S. Dist. LEXIS 257233, at *11-13 (D. Wyo. Aug. 3, 2020) (quoting *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)) ("[W]here the allegations contained in the four corners of the complaint fail to make clear '*who* is alleged to have done *what* to *whom*,' a defendant is not put on fair notice as to the basis of the claims against him or her.").

In total, Scavuzzo fails to assert a single fact supporting his claims against Matt or Mark Schneider. Accordingly, all of his claims against Matthew and Mark Schneider should be dismissed in their entirety and with prejudice.

**C.     Plaintiff Scavuzzo has not made a single claim that Michaeleen Schneider engaged in any wrongful conduct and its defective claims are not salvaged by its attempt to use collective allegations involving Ms. Schneider.**

Scavuzzo similarly fails to allege any actionable conduct by Ms. Schneider. In total, the Complaint contains four allegations against Ms. Schneider:

1) In 1997, Ms. Schneider and her husband purchased the property where TCR, LLC now operates. ECF 191 ¶ 3.

2) Ms. Schneider is the wife of Gerald Schneider. ECF 191 ¶ 21.

3) Ms. Schneider may be served with process at 423 Road 1AF, Powell WY 82435. ECF 191 ¶ 21.

4) On or about May 1, 1997, Ms. Schneider and her husband established Mount Carmel Youth Ranch—an entity that is not named as a defendant in this case. ECF 191 ¶ 27.

With respect to the first allegation, the fact that Ms. Schneider purchased a property in 1997 that is currently being used by a corporate entity does not provide any basis for concluding that she could be liable for wrongful conduct that allegedly occurred on that property outside of her knowledge or control. And, to be clear, there is no allegation that Ms. Schneider has any such knowledge or control.

The second and third allegations are simply innocuous assertions about her relationship status and service address—neither of which can form the basis for a viable claim. Last, the fact that Ms. Schneider allegedly founded Mount Carmel Youth Ranch in 1997 is irrelevant to any claim that purported misconduct occurred more than two decades later.

To remedy these issues, Plaintiffs attempt to make a series of allegations against "the Schneiders" or the "Triangle Owners." As an initial matter, none of these allegations reference any specific conduct by Ms. Schneider to support the claims. Further, this type of group pleading without specifically identifying what actions each individual defendant took cannot support a cause of action. *Gas Sensing Tech. Corp. v. Ashton*, No. 16-CV-272-F, 2017 U.S. Dist. LEXIS 114446, at*45 (D. Wyo. June 12, 2017) (citations omitted) ("Here, Plaintiffs incorporate Linklater Trust into this case by grouping it with the other Defendants. Plaintiffs also refer to the Linklater Trust within the 'Linklater Controlled Entities.' However, Plaintiffs fail to specifically allege what conduct Linklater Trust is responsible for and how that conduct has harmed Plaintiffs. The only statement Plaintiffs make regarding Linklater Trust's connection with this case is that it is the alter ego of Linklater. Because Plaintiffs improperly group Linklater Trust with the other Defendants and fail to provide factual support that demonstrates Linklater Trust is the alter ego of Linklater, the Court finds Plaintiffs have failed to state a claim upon which relief may be granted as to Linklater Trust."). These failures are not surprising. As Plaintiffs are aware from Defendants' Initial Disclosures, Michaeeleen Schneider suffers from Alzheimer's Disease and her affairs have been managed through a Power of Attorney since at least July 3, 2002. Thus, it would be wholly improbable if Plaintiffs alleged that Ms. Schneider took a specific action directed at harming a resident of a treatment program in 2012. Accordingly, all of Scavuzzo's claims against Ms. Schneider should be dismissed in their entirety.

### D.     **Plaintiff T.I. has not made a single factual allegation that Matthew Schneider, Mark Schneider, Michaeleen Schneider or Thomas George engaged in any wrongful conduct.**

Plaintiff T.I. has asserted the same allegations against Matthew Schneider, Mark Schneider, and Michaeleen Schneider as those raised by his co-plaintiff. And, like his co-plaintiff, T.I. fails to allege that any of those three defendants engaged in any conduct directed at T.I. or benefitted in

any way from T.I.'s purported labor during his brief stay at TCR, LLC treatment program. Accordingly, for the reasons discussed above, T.I.'s claims against Matthew, Mark, and Michaeleen Schneider should also be dismissed with prejudice.

Further, Plaintiff T.I.'s claims against Defendant Tom George should also be dismissed. Thomas George is alleged to be the Executive Director of Mount Carmel Youth Ranch and Triangle Ranch and a Special Projects Manager and Family Life Coach.  ECF 191 ¶ 24.  The Complaint asserts that George "coordinated, approved, directed, and facilitated the use of child labor from Triangle Ranch at SOLT and other Catholic Church facilities."  ECF 191 ¶ 28. However, a closer review of the Complaint confirms that T.I. does not allege that he was required to perform labor at SOLT or any Catholic Church facilities.[6]  *See* ECF 191 ¶ 43.  Instead, all of T.I.'s alleged forced labor occurred at the TCR, LLC program and there is no allegation that Tom George participated in, supervised, or benefitted from any alleged labor performed by T.I.

Thus, T.I.'s claims against Tom George are also not supported by any factual allegations. Accordingly, his claims against Tom George—as well as those offered against Matthew, Mark, and Michaeleen Schneider should be dismissed with prejudice.

## CONCLUSION

Plaintiff Scavuzzo has asserted claims against TCR, LLC, Michaeleen Schneider, Matthew Schneider, and Mark Schneider without alleging a single fact that can support those allegations. Accordingly, they should be dismissed in their entirety and with prejudice.

Plaintiff T.I. has asserted claims against Michaeleen Schneider, Matthew Schneider, Mark Schneider, and Tom George without alleging a single fact that can support those allegations. Accordingly, those claims should also be dismissed in their entirety and with prejudice.

---

[6] By contrast, Scavuzzo contends that he was forced to perform work at the Monastery, the Foundation, and Our Lady of the Valley Church.  ECF 191 ¶ 37(b), (d).

Respectfully submitted this 11th day of May, 2022.

          WHITE & STEELE, P.C.

          */s/ John C. Matthews*
          Monty L. Barnett, #6-2694
          Rachel E. Ryckman, #7-4656
          Keith Olivera (*Pro Hac Vice*)
          John C. Matthews (*Pro Hac Vice*)
          White & Steele, P.C.
          Dominion Towers, North Tower
          600 17th Street, Ste. 600N
          Denver, CO  80202
          (303) 296- 2828
          mbarnett@wsteele.com
          rryckman@wsteele.com
          kolivera@wsteele.com
          jmatthews@wsteele.com

          ATTORNEYS FOR DEFENDANTS
          TRIANGLE CROSS RANCH, LLC
          GERALD E. SCHNEIDER
          MICHAELEEN P. SCHNEIDER
          MATHEW SCHNEIDER
          MARK SCHNEIDER
          THOMAS GEORGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ___ day of May, 2022, a true and correct copy of the foregoing document was e-filed via CM/ECF and served to all attorneys of record:

| | |
|---|---|
| Michael Rosenthal | mike@hkwyolaw.com |
| Nathan Nicholas | nnickolas@hkwyolaw.com |
| Brice M. Timmons | brice@donatilaw.com |
| Bryce Ashby | bryce@donatilaw.com |
| Craig Edgington | craig@donatilaw.com |
| Frank L. Watson, III | fwatson@watsonburns.com |
| Lindsay Romano | lromano@grsm.com |
| Jane France | jfrance@spkm.org |
| MaKenna Stoakes | mstoakes@smllawoffice.com |
| Patrick Sodoro | psodoro@smllawoffice.com |

          */s/ BreAnne Olsen*
          For White and Steele, P.C.