Monty L. Barnett, # 6-2694
Rachel E. Ryckman, # 7-4656
Keith R. Olivera (*Pro Hac Vice*)
John C. Matthews (*Pro Hac Vice*)
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202-5406
Telephone: (303) 296-2828
mbarnett@wsteele.com
rryckman@wsteele.com
kolivera@wsteele.com
jmatthews@wsteele.com

ATTORNEYS FOR DEFENDANTS
TRIANGLE CROSS RANCH, LLC
MICHAELEEN P. SCHNEIDER
MATHEW SCHNEIDER; MARK SCHNEIDER and THOMAS GEORGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **ANDREW SCAVUZZO and H.I. as Parent and Next Friend of T.I., on behalf of themselves and all similarly situated persons,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**TRIANGLE CROSS RANCH, LLC,** a Wyoming Limited liability corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER;  MATTHEW SCHNEIDER; MARK SCHNEIDER; THOMAS GEORGE;** and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY,** a Texas corporation.,<br><br>Defendants. | Case No. 1:20-CV-215-SWS |

### THE DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Triangle Cross Ranch, LLC ("TCR, LLC"), Michaeleen Schneider, Matthew Schneider, Mark Schneider, and Thomas George (collectively "Defendants"), through counsel, submit this Reply Brief in Support of their Motion to Dismiss the Plaintiffs' Second Amended Complaint:

### I.    INTRODUCTION

In their moving Brief, Defendants demonstrated that Plaintiffs' Second Amended Complaint ("SAC") failed to identify a single wrongful act allegedly perpetrated by Michaeleen, Matthew, or Mark Schneider. In fact, Defendants' Brief confirmed that Plaintiffs—other than alleging where Defendants could be served, their purported titles at various times, and that Ms. Schneider owned the land where TCR, LLC operated—did not allege any facts whatsoever concerning these three individuals. In their response, Plaintiffs fail to identify any allegation[1] in their SAC which refutes this fact. Accordingly, Plaintiffs' claims against Michaeleen, Matthew, and Mark Schneider should be dismissed in their entirety and with prejudice.

Similarly, Defendants also demonstrated, in their moving brief, that Plaintiff T.I. did not make a single allegation involving Tom George; let alone allege that he engaged in any wrongful conduct directed towards him. Again, Plaintiffs' response does not point to any allegation other than those stating that Tom George held a title at the Triangle Ranch and Mount Carmel. Such an allegation does not support Plaintiff T.I.'s claim and thus, the claim should be dismissed.

---

[1] Plaintiffs assert that paragraph 43 of SAC states that Matt and Mark Schneider forced a plaintiff to engage in certain farm chores. However, a review of that paragraph—and the entire section of the Complaint involving Plaintiff T.I.—confirms that Matt and Mark Schneider are not mentioned a single time.

Lastly, Defendants demonstrated in their moving brief that TCR, LLC could not be liable to Plaintiff Scavuzzo because the entity did not exist until six years after Scavuzzo left his treatment program, well after the purportedly wrongful conduct occurred. In response, Plaintiff Scavuzzo does not contend that he ever had any interaction with TCR, LLC and instead reverses course from his previously filed motion for leave to amend to now assert an unsupported successor liability claim. Accordingly, his claim against TCR, LLC should be dismissed with prejudice.

To avoid these necessary conclusions, Plaintiffs offer a serious of strained, irrelevant, or demonstrably false arguments. First, Plaintiffs contend that the law of the case doctrine prevents the Court from addressing the futility of their claims, because the Court found that a prior non-operative complaint had set forth conduct that could constitute a TVPA violation. However, the law of the case doctrine does not apply to a situation, such as here, where: (1) the prior ruling was not a final order; (2) the operative SAC contains different allegations than the prior complaint addressed in that order; (3) the prior ruling did not address the claims against the specific individual defendants (only the collective defendants); or (4) Plaintiffs themselves sought leave for—and filed—an amended complaint which per the Court's Initial Pretrial Order (ECF No. 179), could be challenged through a motion to dismiss.

Second, Plaintiffs assert that they have made allegations against certain individual TCR Defendants showing that they engaged in wrongful conduct. For example, Plaintiffs, citing SAC paragraph 43, assert: "Plaintiff T.I. alleges that Mark and Matthew Schneider forced him to shovel manure, feed and groom animals daily . . . ." Opp. Br. at 10, ECF No. 196 [hereinafter ECF No. 196]. However, Mark and Matthew Schneider are never even mentioned in paragraph 43—or any of the paragraphs containing T.I.'s claims. SAC ¶ 43, ECF No. 191 [hereinafter ECF No. 191]. Plaintiffs' proffer of a demonstrably false statement only highlights the futility of their claims.

Third, Plaintiffs assert that Scavuzzo's claims against TCR, LLC are viable because TCR, LLC is a successor to the entity that operated his treatment program—Mount Carmel Youth Ranch ("MCYR"). As an initial matter, Plaintiffs' own conduct confirms that such an argument is incorrect. Specifically, Plaintiffs sought leave to add MCYR (ECF No. 181) as a Defendant to this action because they recognized that, without MCYR, they could not otherwise seek redress for conduct that allegedly occurred at MCYR. The Court denied that request. ECF NO. 190. Plaintiffs' current attempt to circumvent the Court's order by arguing those parties are not necessary and instead are predecessors of TCR, LLC is improper. Moreover, Plaintiffs have offered no facts suggesting that TCR, LLC was a successor to MCYR and instead propose a series of self-supporting conclusions that ignore the bare factual allegations in their own SAC.

Last, Plaintiffs offer the morally repugnant claim that Michaeleen Schneider should be forced to remain in the case and prove her unchallenged diagnosis of late-stage Alzheimer's disease to the Court even though they have not made any allegation that she personally engaged in any wrongful conduct. Such a claim requires no further response.

In total, Plaintiffs offer no basis to deny Defendants' well-grounded motion to dismiss. Accordingly, (1) all of Plaintiffs' claims against Michaeleen, Matthew and Mark Schneider; (2) Plaintiff T.I's claims against Tom George; and (3) Plaintiff Scavuzzo's claim against TCR, LLC should be dismissed in their entirety and with prejudice.

## II.    ARGUMENT

### A.    The Law of the Case Doctrine Does Not Prevent Defendants from Challenging Plaintiffs' Newly Filed Complaint.

The law of the case doctrine does not apply to a situation, such as here, where: (1) the prior ruling was not a final order; (2) the operative SAC contains different allegations than the complaint addressed in that order; (3) the prior ruling did not address the claims against the specific individual

defendants (only the collective defendants); or (4) Plaintiffs themselves sought leave for—and filed—an amended complaint which per the Court's Initial Pretrial Order (ECF 179) could be challenged through a motion to dismiss.

"The law of the case 'doctrine posits that when a court decides upon **a rule of law**, that decision should continue to govern the same issues in subsequent stages in the same case.' *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (emphasis added) (quoting *Arizona v. California*, 460 U.S. 618 (1983)). Typically, this doctrine arises when an appellate court remands a district court appeal. *See Brokers' Choice of Am. Inc., v. NBC Universal, Inc.*, 861 F.3d 1081, 1099 (10th Cir. 2017) ("An appellate court decision on a particular issue, unless vacated or set aside, governs the issue during all later stages of the litigation in the district court and thereafter on any further appeal."); *Been v. O.K. Indus.*, 495 F.3d 1217, 1224 (10th Cir. 2007) ("Generally, the 'law of the case' doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case."). However, the doctrine also applies whenever a court makes a final determination on a question of law. *See, e.g.*, *Loeffelbein v. Rare Medium Grp., Inc.*, No. 02-2435-CM, 2004 U.S. Dist. LEXIS 7911, (D. Kan. Feb. 26, 2004) (using the law of the case doctrine to grant a defendant's motion to dismiss for lack of personal jurisdiction based on a prior ruling, by the district court, finding that certain co-defendants lacked the minimum contacts necessary to support personal jurisdiction).

Importantly, the law of the case doctrine applies to final legal determinations. *See Steward v. Beach*, 701 F.3d 1322, 1329 (10th Cir. 2012) (citation omitted) (quoting *Rimbert v. Eli Lily & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011)) ("The law of the case doctrine does not apply 'to rulings revisited prior to entry of a final judgment.' Hence, 'district courts remain free to reconsider

their earlier interlocutory orders.'). As a result, courts may reconsider earlier interlocutory orders without violating the law of the case doctrine. *See id.*

Citing the law of the case doctrine, Plaintiffs argue: "The legal sufficiency of Plaintiff Scavuzzo's claims have been established, and Defendants' challenges to them at this stage are barred." ECF No. 192, at 4. Plaintiffs misunderstand the law of the case doctrine and the Court's prior ruling. As an initial matter, the Court's prior decision regarding the legal sufficiency of Plaintiff's prior Forced Labor claims is not a final determination on a legal issue. Instead, the decision is merely an interlocutory order which the Court can revisit in its discretion. *See Steward*, 701 F.3d at 1329. Accordingly, the law of the case doctrine does not apply.

Furthermore, Plaintiffs' amended complaint supersedes their original complaint and contains different factual allegations. *See WP v. Teton Cty. Sch. Dist. No. 1*, No. 20-CV-99-J, 2020 U.S. Dist. LEXIS 262319, at *3 (D. Wyo. June 24, 2020) ("Because Plaintiff's right to amend as a matter of course has not expired Plaintiff's motion is moot. The Court notes that a timely-filed amended pleading will supersede the original Complaint, but makes no determination as to what impact, if any, the amended pleading will have on the pending Motion to Dismiss.").

For example, Plaintiffs' SAC raises new claims on behalf of Plaintiff T.I. (¶¶41-49), removes claims previously offered on behalf of Plaintiff Scavuzzo, acknowledges that MCYR was the entity running the program Plaintiff Scavuzzo attended (¶36), and admits that TCR, LLC was not formed at that time (¶19). Given the differences between Plaintiffs' prior complaint and the SAC, any decision regarding legal sufficiency of the Forced Labor claims in a prior complaint is not controlling on the instant issues.

Further, Defendants are not challenging whether the collective allegations raised by Plaintiffs are sufficient to collectively assert a TVPA claim—as was at issue in the initial Motion

to Dismiss. Rather, Defendants are challenging whether—on the facts contained in the SAC (including those not present in the prior Complaint)— certain Plaintiffs have sufficiently alleged causes of action against certain individual Defendants. Thus, the fact that the Court previously determined, under different allegations, that the collectively allegations could support a TVPA claim (if accepted as true) against the collective Defendants does not control the instant issue.

Last, the instant Motion to Dismiss was expressly permitted by the Court. In the Initial Pretrial Order, dated January 12, 2022, the Court allowed the parties to file "[m]otions to amend the pleadings or join parties . . . on or before March 14, 2022." ECF No. 179, at 5. In that same Order, the Court permitted the Defendants to file "any motions to dismiss newly amended pleadings . . . on or before April 12, 2022."[2] ECF No. 179, at 5. Thus, the Court expressly acknowledged that the Defendants could file a motion to dismiss any claims raised in the SAC.

### B. Plaintiffs have not alleged any facts demonstrating wrongdoing by Mark Schneider, Matthew Schneider, or Michaeleen Schneider.

In their moving brief, Defendants demonstrated that the SAC contained no factual allegations suggesting that Matt, Mark, and Michaeleen Schneider engaged in any wrongdoing towards any Plaintiff. Plaintiffs do not point to a single allegation that impacts that conclusion.

Instead, first, Plaintiffs make a series of false statements attempting to distract the Court from the allegations actually contained in the SAC. For example, Plaintiffs, citing SAC paragraph 43, argue: "Plaintiff T.I. alleges that Mark and Matthew Schneider forced him to shovel manure, feed and groom animals daily, herd cows and bulls, perform mechanical repairs, and install and repair fencing." ECF 191 at 10. However, a review of paragraph 43 shows that no such allegation regarding Matt or Mark Schneider is contained in that entire paragraph (fully reproduce below):

> 43. A non-exclusive list of examples of the labor T.I. was forced to complete is as follows:

---

[2] That deadline was subsequently extended to May 17, 2022, by Court Order dated April 12, 2022 (ECF No. 188).

    (a)    Shoveling manure, daily;
    (b)    Feeding all animals (cows, horses, and chickens), daily;
    (c)    Herding cows and bulls;
    (d)    Grooming all animals, daily;
    (e)    Mechanical repairs around the ranch;
    (f)    Installing and repairing fencing;
    (g)    Providing medical attention to all animals, daily

In fact, a review of paragraphs 41 through 49 of the SAC (the paragraphs containing T.I.'s allegations) shows that neither Matthew nor Mark Schneider are even mentioned once.

Plaintiffs, citing SAC paragraphs 27-29, also assert that Matthew and Mark Schneider "should have known that the facility that they operated was profiting from the coerced labor of the putative class." ECF No. 196, at 10. However, a review of paragraphs 27-29 shows that neither Mark nor Matt Schneider are mentioned in those paragraphs. Accordingly, those paragraphs could not support Plaintiffs' assertion. Rather, the only paragraph referencing Matt and Mark Schneider—other than those referencing their titles and addresses for service—is paragraph 35. That paragraph states:

> 35. Additionally, upon information and belief, Defendant Triangle Owners' children, Defendants Mathew Schneider and Mark Schneider, became active employees of Triangle Ranch and at all times benefitted from the forced labor and human trafficking executed by Defendants Triangle Cross Ranch, LLC, and Defendant Triangle Owners.

Glaringly absent from that paragraph (or the complaint) is a single fact supporting Plaintiffs' conclusory statements. And, as discussed in the moving Brief, a complaint will not survive a motion to dismiss when it contains only conclusory allegations without any factual support. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**C.**    **<u>Plaintiff T.I. has not alleged any facts demonstrating wrongdoing by Tom George.</u>**

Plaintiff T.I. does not allege that: (1) he ever met Tom George, (2) ever interacted with Tom George, (3) ever was mistreated by Tom George; or (4) ever engaged in any specific conduct

that benefited Tom George. To overcome this deficiency, T.I. argues that, "[a]s Executive Director, Thomas George plausibly knew or should have known that the children at the Ranch were being forced to perform labor." ECF No. 169, at 13. As a threshold matter, Plaintiff T.I. alleges that Tom George "served as the Executive Director of Mount Carmel Youth Ranch and Triangle Ranch." ECF No. 191 ¶ 24. Triangle Ranch is defined as "the property located at 423 Road1AF, Powell, Wyoming . . . on which Defendant Triangle Cross Ranch, LLC have operated their human trafficking operations." ECF No. 191 ¶ 3. Thus, Plaintiff T.I. has not alleged that Tom George was the Executive Director of TCR, LLC at the time he attended the program. Indeed, T.I. could not truthfully make such an allegation. At best, Plaintiff T.I. alleged that at some unspecified period during the Triangle Ranch's operation—which Plaintiffs acknowledged was owned by the Schneiders for more than four decades—Tom George held the position of director. Without alleging that Tom George was the Director at the time Plaintiff T.I. attended TCR, LLC and had knowledge of Plaintiff T.I.'s alleged labor, T.I. cannot reasonably claim that Tom George had any responsibility for his alleged mistreatment.

Next, T.I. asserts that "Thomas George financially benefited from the ongoing forced labor at the Ranch." ECF No. 196, at 13. Again, Plaintiff T.I. asserts no facts supporting that claim. To the contrary, unlike Plaintiff Scavuzzo, T.I. never contends he worked for Tom George's seed business or performed any work for SOLT or other Catholic facilities. Further, the fact that Tom George had a "paid role" at the Ranch (during an unspecified period) does not support a conclusion that he was aware of any wrongful conduct towards Plaintiff T.I. ECF No. 196, at 13. Under Plaintiffs' theory, any salaried employee of any treatment program offered by the Ranch—or even a store owner who accepted money from a Ranch employee—could be liable to Plaintiffs because

they purportedly received a benefit from the forced labor. Understandably, Plaintiffs offer no such authority to support that conclusion.

### D.  **Plaintiff Scavuzzo Has Not Demonstrated that TCR, LLC was a Successor to MCYR TCR, Inc.**

Plaintiff Scavuzzo has also asserted no facts to support his newly formulated claim that TCR, LLC was a successor to MCYR. Generally, a corporation who purchases another entity's assets is not liable for the other entity's debts and liabilities. *See EEOC v. Roark-Whitten Hospitality 2, LP*, 28 F.4th 136, 146 (10th Cir. 2022). However, "[t]here are 'four well recognized exceptions' to this general common law rule." *Id.* (quoting *W. Tex. Ref. & Dev. Co. v. Comm'r of Internal Revenue*, 68 F.2d 77, 81 (10th Cir. 1933)). These exceptions occur when: 1) the purchasing entity expressly or impliedly agrees to assume the selling entity's debts; 2) the transaction is merely a consolidation or merger of multiple entities; 3) the purchasing entity is a continuation of the selling entity; and 4) the transaction is merely an attempt to escape debt obligations. *Id.* at 147.[3]

Plaintiffs argue that the successor liability doctrine applies to their TVPRA claims and, as a result, TCR, LLC is liable for TCR, Inc.'s and/or MCYR's conduct.[4] Even assuming, for purposes of this motion only, that the successor liability doctrine applies in TVPRA cases, then the Court should still reject Plaintiffs' argument. The successor liability doctrine applies in circumstances where one entity—through purchase, merger, or consolidation—**succeeds** another

---

[3] Typically, this "successor liability doctrine" arises in employment discrimination cases. *See, e.g.*, *id.* at 146-48 (discussing successor liability in general and applying a "successor employer" theory in a Title VII case). However, some courts in other districts apply the principle for claims arising under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See, e.g.*, *K.R. v. G6 Hospitality, LLC*, No. 19-cv-08252-VC, 2020 U.S. Dist. LEXIS 175166 (N.D. Cal. Sept. 23, 2020). Notably, Defendants' research did not reveal any authority, within the Tenth Circuit, addressing whether the successor liability doctrine applies in TVPRA cases.

[4] Plaintiffs also appear to argue that the Court should allow Plaintiff Scavuzzo's claim to proceed because this case may be certified as a class action. ECF No. 192, at 9. Defendants seek dismissal of Plaintiff Scavuzzo's **individual** claims against TCR, LLC. Merely asserting that a case may become a class action does not negate the need for potential class members, like Plaintiff Scavuzzo, to plausibly plead their individual claims.

entity. *See Roark-Whitten Hospitality 2, LP*, 28 F.4th at 146-47. In this case, Plaintiffs provide no facts demonstrating that TCR, LLC is the **successor** to TCR, Inc. and/or MCYR. Plaintiffs do not allege 1) that TCR, LLC purchased, or otherwise received, TCR, Inc.'s and/or MCYR's assets; 2) that TCR, LLC assumed TCR, Inc.'s and/or MCYR's debts and liabilities; 3) that TCR, LLC merged with TRC, Inc. and MCYR; or 4) that TCR, LLC's sole purpose was to escape debt obligations.

Plaintiffs' successor liability argument is merely an attempt to circumvent the Court's recent Order (ECF No. 190) precluding Plaintiffs from adding TCR, Inc. and MCYR as defendants. Plaintiffs waited nearly seventeen months before attempting to include TCR, Inc. and MCYR as defendants. Only now, after the Court's Order, do Plaintiffs allege that TCR, LLC is a successor entity. Setting aside this blatant circumvention attempt, Plaintiffs must allege sufficient facts establishing a plausible successor liability theory. Despite having numerous opportunities to do so, Plaintiffs fail to provide any factual assertions which establish that TCR, LLC implicitly, or explicitly, assumed TCR, Inc.'s and MCYR's debts and liability obligations. Accordingly, the Court should reject Plaintiffs' argument and, as a result, find that Plaintiff Scavuzzo cannot establish plausible claims for relief against TCR, LLC.

## CONCLUSION

For the foregoing reasons, and those raised in the Moving Brief, Defendants requests that this Court dismiss, with prejudice: (1) all of Plaintiffs' claims against Michaeleen, Matthew, and Mark Schneider, (2) Plaintiff T.I.'s claims against Thomas George; and (3) Plaintiff Scavuzzo's claims against TCR, LLC.

Respectfully submitted this 31st day of May, 2022.

WHITE & STEELE, P.C.

*/s/ John C. Matthews*
Monty L. Barnett, #6-2694
Rachel E. Ryckman, #7-4656
Keith Olivera (*Pro Hac Vice*)
John C. Matthews (*Pro Hac Vice*)
White & Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Ste. 600N
Denver, CO  80202
(303) 296- 2828
mbarnett@wsteele.com
rryckman@wsteele.com
kolivera@wsteele.com
jmatthews@wsteele.com

ATTORNEYS FOR DEFENDANTS
TRIANGLE CROSS RANCH, LLC
MICHAELEEN P. SCHNEIDER
MATHEW SCHNEIDER
MARK SCHNEIDER
THOMAS GEORGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of May, 2022, a true and correct copy of the foregoing document was e-filed via CM/ECF and served to all attorneys of record:

| | |
|---|---|
| Michael Rosenthal | mike@hkwyolaw.com |
| Nathan Nicholas | nnickolas@hkwyolaw.com |
| Brice M. Timmons | brice@donatilaw.com |
| Bryce Ashby | bryce@donatilaw.com |
| Craig Edgington | craig@donatilaw.com |
| Frank L. Watson, III | fwatson@watsonburns.com |
| Lindsay Romano | lromano@grsm.com |
| Jane France | jfrance@spkm.org |
| MaKenna Stoakes | mstoakes@smllawoffice.com |
| Patrick Sodoro | psodoro@smllawoffice.com |

                                                */s/ BreAnne Olsen*
                                                For White and Steele, P.C.